1  ~~MORRIS POLICH & PURDY~~ LLP
   LAW OFFICE OF DAVID J. VENDLER
2  David J. Vendler, Esq. (SBN 146528)
   Email:   ~~dvendler@mpplaw~~djvlegal@gmail.com
3  ~~1055 West Seventh Street, Suite 2400~~
   ~~Los Angeles~~2700 South Oak Knoll
4  San Marino, California ~~90017~~91108
   Tel.:   (213) ~~417-5100~~700-5194
5  ~~Fax:   (213) 488-1178~~

6  MICHAEL R. BROWN, APC
   Michael R. Brown, Esq. (SBN 65324)
7  Email:   mbrown@mrbapclaw.com
   ~~18101 Von Karman Avenue,~~2030 Main Street Suite ~~1900~~550
8  Irvine, California ~~92612~~92614
   Tel.:   (949) 435-3888
9  Fax:   (949) 435 3801

10 Attorneys for Plaintiffs, MICHAEL PEMBERTON
   and SANDRA COLLINS-PEMBERTON
11 and all others similarly situated

12

13              **UNITED STATES DISTRICT COURT**

14            **SOUTHERN DISTRICT OF CALIFORNIA**

15                              *[PURSUANT TO LOCAL RULE 15.1-*

16                              *REDLINE]*

17 MICHAEL PEMBERTON and           Case No.:  14CV1024-~~MMA~~BAS-WVG
18 SANDRA COLLINS-PEMBERTON,
   individually, and on behalf of the class   ~~FIRST~~SECOND **AMENDED CLASS**
19 of all others similarly situated,          **ACTION COMPLAINT FOR:**

20                                            ~~1.  BREACH OF CONTRACT~~
         Plaintiffs,                          ~~2.  BREACH OF THE COVENANT~~
21                                               ~~OF GOOD FAITH AND FAIR~~
22 vs.                                           ~~DEALING~~
                                              ~~3.  VIOLATION OF 26 U.S.C.~~
23 NATIONSTAR MORTGAGE LLC, a                    ~~§ 6050H~~
24 Federal Savings Bank,                      ~~4.~~1.   **VIOLATION OF UNFAIR**
25         Defendant.                               **COMPETITION LAW**
                                              ~~5.~~2.   **DECLARATORY RELIEF**
26                                            ~~6.  INJUNCTIVE RELIEF~~
27                                            ~~7.  FRAUD~~
28                                            ~~8.~~3.   **NEGLIGENCE**

-1-

**DEMAND FOR JURY TRIAL**

NOW COME Plaintiffs Michael Pemberton and Sandra Collins-Pemberton ("Plaintiffs"), who, on behalf of themselves and all others similarly situated (collectively "Class Members"), complain as follows against Defendant Nationstar Mortgage LLC ("Nationstar" or "Defendant").

**I.**

**SUMMARY OF THE ACTION**

1.     For almost all owners of real property, the mortgage interest deduction is their largest single tax deduction and can amount to hundreds, thousands, or even tens of thousands of dollars per year in tax savings.  The Internal Revenue Service ("IRS"), tax-payer-borrowers, and accounting professionals all rely on lender-issued IRS Forms 1098 to determine the amount of mortgage interest the tax-payer-borrower(s) have paid during a given year so as to know how much can be deducted from his/her/their gross income pursuant to 26 U.S.C. Section 163(a).  The statute that requires lenders to issue Forms 1098 is 26 U.S.C. § 6050H.  It states that lenders must report on Forms 1098 the amount of mortgage interest they "receive" if the amount is over $600.

2.     This case arises from Nationstar's systematic violation of 26 U.S.C. § 6050H.  More specifically, Plaintiffs contend that Nationstar has been failing to report

millions of dollars in mortgage interest that it has actually received from consumers holding negative amortization "Option Arm" loans.[1]  Nationstar's intentional concealment of its improper and illegal reporting practice has not only caused tens of thousands of tax-payers to unknowingly file erroneous tax returns -- which will have to be unwound at substantial cost -- but may have also caused some Class Members the damage of *permanently* losing valuable tax deductions by virtue of the passage of the 3-year statute of limitations for amending tax returns imposed by 26 U.S.C. § 6511.

///

///

## II.

## HOW NEGATIVE AMORTIZATION LOANS WORK

3.  Nationstar is one of the nation's leading mortgage servicing companies. As part of its business, it has originated and/or acquired thousands of "negative amortization" loans, both in California and nationally.  Negative amortization loans generally provide the borrower the option in any given month to pay a "Minimum Payment," which is generally, but not always, less than the interest due for the month. This is why loans with negative amortization features are often referred to as "Option ARM" loans.  In Plaintiffs' case, Nationstar acquired Plaintiffs' loan from Bank of America, N.A. ("BANA") pursuant to an agreement with Nationstar which Plaintiffs allege on information and belief became effective January 31st, 2013.  BANA had in turn acquired Plaintiffs' loan from Countrywide Financial Corporation ("Countrywide") in or about 2008.  Plaintiffs allege on information and belief that

---

[1] An "Option Arm" loan provides borrowers with four (4) different payment "options" in any given month.  The first "option" is to make a full payment of the principal and interest due under the note.  The second "option" is to pay "Interest Only."  A third "option" is to pay the "Minimum Payment," which may be, and often is, less than the interest then due on the note. A fourth "option" is to make accelerated payments on a 15-year amortization schedule.  The marketing objective of the "Option ARM loan" was to allow consumers to minimize their monthly payment so that they could "afford" to purchase a home based upon their available cash flow.  Thus, consumers with these loans overwhelmingly chose the "Minimum Payment" option.

Countrywide acquired Plaintiffs' loan from First Magnus Financial Corporation ("Magnus"), the originating lender, sometime in 2005-2006.

4.      Because negative amortization loans were primarily marketed to consumers who wanted to minimize their monthly payment so they could "afford" a home that would otherwise be too expensive for them based upon their available cash flow, borrowers with negative amortization loans, including Plaintiffs, overwhelmingly chose the "Minimum Payment" option when selecting which "option" to pay in any given month.  This way, they could lower their monthly payment to an amount they could manage by "deferring" (for months or even years) some interest that would otherwise have been due in the month of their payment.  The interest that was "deferred" would then be added to the loan balance to be paid back later, (with additional interest at the same rate as the principal).  Many people thus took these loans with the express idea that they would be deferring tax deductible interest until a later time, when the deduction would be available to them.

5.      Choosing the "Minimum Payment" option would usually, but not always, result in negative amortization, meaning that as interest was deferred, the overall loan balance would increase rather than decrease.  (However, in or about 2009, interest rates and the mortgage indexes plummeted and this caused a situation where the interest rate on some consumers' loans may have "adjusted" to a rate where the monthly interest obligation fell below the level of the "Minimum Payment."  If this happened, the positive difference between the "Minimum Payment" and the monthly interest due would be allocated first to paying back any previously deferred interest, and then to principal).

6.      Generally, a limit of 115% of the original principal amount was placed on the amount of negative amortization consumers were allowed to incur.  It is not known exactly in which tax-year Nationstar first began offering or servicing negative amortization loans, but such loans first began to flood the consumer market in or about 2004.

-4-

### III.

### PLAINTIFFS' INDIVIDUAL FACTUAL ALLEGATIONS

**A.    Plaintiffs' Negative Amortization Note**

7.    Plaintiffs together own a single family home located at 13152 Ooti Ct., Grass Valley, California, which was their primary residence.  On or about November 30, 2005, Plaintiffs obtained a negative amortization loan from Magnus in the amount of $461,500.  That note was subsequently sold to Countrywide Financial Corporation, and then to BANA, and then in or about July 1, 2013 to Nationstar.  The original note for Plaintiffs' loan is attached hereto as Exhibit "A" hereto and incorporated in full by this reference.

8.    Plaintiffs' 40-year negative amortization adjustable rate mortgage ("ARM) loan with Magnus provided Plaintiffs with a "Minimum Payment" option previously described.  Plaintiffs took advantage of the "Minimum Payment" option which resulted in negative amortization during the loan's pendency with Magnus, Countrywide and/or BANA.

9.    At the time Nationstar took over Plaintiffs' loan, and because of the negative amortization from earlier years, Plaintiffs' loan-balance was $469,075.41, or approximately $7,575.41 *above* the original principal amount of the loan.  *The entirety of this $7,575.41 was charged as interest for the use of the original principal*.  This interest was incurred, but not paid, by the Plaintiffs in earlier years of their loan.

10.    Since Nationstar took over Plaintiffs' loan, Plaintiffs have made all payments required under their note to Nationstar.  During tax year 2013, Plaintiffs' payments to Nationstar totaled $14,390.46.  This amount included $2,292.66 in taxes owed separately from the interest and principal due under the note.

11.    In or about February 2014, Plaintiffs received a Form 1098 from Nationstar supposedly reflecting the amount of mortgage interest that it had received from Plaintiffs during tax-year 2013.  But even though Plaintiffs had paid $12,097.80

(excluding the $2,292.66 paid to Nationstar in taxes) on their note during 2013, the Form 1098 they received reflected only $7,302.06 in mortgage interest paid.  The Form 1098 also reflected that Plaintiffs had paid $4,197.66 in supposed "principal."

12.     Nationstar's method for calculating mortgage interest is wrong because it assumes that the entire loan balance constitutes principal and fails to recognize that interest that was previously deferred does not lose its character as interest simply because it is paid back at a later time.  Thus, because Plaintiffs still owed previously deferred interest on their note as of the date that Nationstar took over their loan, Nationstar should have credited all of Plaintiffs' payment – except for that which was impounded to pay taxes – toward retiring Plaintiffs' deferred interest balance before crediting any payments to principal.  In short, until all of the Plaintiffs' previously deferred interest was paid off, none of Plaintiffs' payments should have been credited to repayment of principal.   For tax year 2013 described above, and others as well, Plaintiffs relied upon the incorrect information contained in the Form 1098 that was sent to them by Nationstar, and as a result they both: (1) filed an erroneous tax return in at least that year, and perhaps others (insofar as their return claimed only the amount of mortgage interest that had been stated on their Form 1098 for 2013) and (2) received a smaller tax deduction in that year and perhaps others than they would have received had the proper information been provided to them on their Form 1098 issued to them by Nationstar.

**B.     Borrowers, Tax Professionals And The IRS Rely Upon The Mortgage Interest Stated In Lender Form 1098s.**

13.     Plaintiffs allege that reliance on 1098 forms by consumers and their tax-preparers without cross-checking is the norm among consumers and their tax preparers since: (1) mortgage lenders/servicers like Nationstar have the legal duty under 26 U.S.C. § 6050H to calculate and report those amounts accurately; (2) the IRS relies exclusively on the amounts contained in the 1098 forms it receives from lenders; and (3) the IRS

maintains a policy whereby it will reject any attempt by tax-payers to claim different amounts of interest from those appearing on the tax-payer's Form 1098 issued by their lender.

14.     Examples of the IRS's policy are evidenced by Exhibits "B" and "C" hereto, which are redacted IRS letters sent to tax-payers other than plaintiffs who, like Plaintiffs, had negative amortization mortgages and who tried to independently calculate and submit to the IRS the correct amount of deferred interest that they had paid.  The IRS rejected those tax-payers' returns stating, for instance, in Exhibit "B" that "we [the IRS] cannot adjust the amount claimed on schedule A for mortgage interest, without a corrected Form 1098…"

15.     Plaintiffs, however, did notice the discrepancy in their interest reporting and complained to Nationstar in February and March 2014.  In or about March 11, Nationstar wrote to the Pembertons acknowledging the Pembertons' complaint and explaining that their complaint had been referred to Nationstar's "Research Department" for review.  A true and correct copy of this letter is attached hereto as Exhibit "D" and incorporated herein by this reference.

16.     On March 27, 2014, Nationstar wrote again to the Pembertons formally rejecting their claim stating:

> "Thank you for contacting Nationstar Mortgage. This is in response to your request received March 3, 2014 regarding the 2013 Mortgage Interest Statement (Form 1098).
>
> There was no deferred amounts (sic) or negative amortization on your loan for the period of time that Nationstar has been the servicer.  we (sic) were not provided with any previously deferred interest amounts from the prior servicer nor is there any way for us to calculate amounts prior to when we acquired your loan."

A true and correct copy of Nationstar's March 27 correspondence is attached hereto as Exhibit "E" and incorporated herein by this reference.

17.    This response by Nationstar -- that it somehow impossible for Nationstar to calculate amounts paid by Plaintiffs prior to the date Nationstar acquired their loan from BANA -- is absurd.  Plaintiffs contacted BANA and were easily able to obtain their payment history from that entity.

18.    Plaintiff alleges on information and belief that the reason Nationstar is wrongfully reporting plaintiffs' interest payments and those of other class members is for its own financial benefit.  It is alleged that Nationstar knowingly started to purchase Option Arm Mortgages that had a separately reportable income component to the seller (i.e. the unpaid deferred interest) which would be reportable by the seller (in the case of plaintiffs' loan BANA) as income, with the intent to convert it into an asset note only such that there was no separately reportable income component.

19.    Through its purchase Nationstar effectively transformed interest to principal without notice to borrowers, in direct violation of IRS regulations, and for its own pecuniary benefit to the direct harm and detriment of the borrowers.

20.    Because Nationstar only took over Plaintiffs' loan in 2013, Plaintiffs are currently unaware of how long (how many tax-years) Nationstar has been misreporting mortgage interest.  Plaintiffs are also unaware of how many individual Forms 1098 issued by Nationstar have been issued using this incorrect method of calculation. Plaintiffs, however, allege on information and belief that the number of class members in the same situation as Plaintiffs is well over 10,000 and may be more than 100,000. This estimate is based on an article from the Los Angeles Times dated May 14, 2013, that Nationstar's January 2013 purchase from BANA constituted over 2 million individual loans.  (It is not known what percentage of these loans had a negative amortization feature or carried balances of deferred interest at the time of the purchase.) Plaintiffs also allege on information and belief that Nationstar earlier acquired the portfolio of Greenlight Financial Services which underwrites approximately $7 billion in loans annually, and which, at least in the years 2005 to 2009, originated a substantial number of negative amortization loans.

1

2          **C.      Plaintiffs Have Been Harmed By Nationstar's Wrongful Conduct**

3          21.    Plaintiffs have been damaged by Nationstar's wrongful 1098 reporting in

4    several ways.  First, as shown above, the amount of interest that Plaintiffs actually paid

5    in 2013 is greater than the amount of interest that was reported by Nationstar.  As a

6    result, Plaintiffs have not been able to correctly state their taxes or obtain the full

7    mortgage interest deduction they are entitled to under 26 U.S.C. Section 163.

8          22.    And, since Nationstar refused to provide a correct Form 1098 to Plaintiffs

9    for tax-year 2013, they have no other recourse -- other than through this action -- to

10   force Nationstar to ~~issue them a corrected Form 1098 for tax-year 2013 and to have~~

11   ~~Nationstar issue proper Forms 1098 in all future years that reflect the actual amount of~~

12   ~~mortgage interest paid by Plaintiffs in those years. The same is true for all Class~~

13   ~~Members.~~provide Plaintiff and similarly situated individuals with supplemental

14   information regarding deferred interest payments, and to provide similar information to

15   the IRS, for tax year 2013 such that the deductibility of these deferred interest payments

16   can be determined between the borrower taxpayer and the IRS, and, in the future,

17   provide such information each year thereafter when Nationstar receives payments of

18   deferred interest.

19         23.    Plaintiffs and Class Members have also suffered damages consisting of, at

20   least: (1) the accountancy fees that will be necessary to prepare and file amended tax

21   returns (where such returns can still be filed) after Nationstar ~~issues corrected Form~~

22   ~~1098s~~either provides supplemental information or, chooses to voluntarily issue

23   corrected Forms 1098, accurately accounting for the amounts of mortgage interest paid

24   during those years, (2) for all years in which the statute of limitations for amending tax

25   returns may have expired, the differential between the value of the Class Members'

26   mortgage interest deductions (both state and federal) when taken and what the value of

27   the deduction would have been if the correct amount of mortgage interest had been

28   reported timely by Nationstar to Plaintiff, Class Members and the IRS (plus interest);

(3) for all years in which the statute of limitations for amending tax returns may have expired, the accountancy fees necessary to determine the difference in value of the deduction when taken and what it should have been if Nationstar had timely reported the correct amount timely of deferred interest.  (All of this relief can properly be awarded on equitable grounds as well.)

24.    Thus, Plaintiffs, on behalf of themselves and the Class Members, seek injunctive and equitable relief and damages as alleged above from Nationstar for intentionally and/or negligently under-reporting to them and to the IRS the "mortgage interest" payments they have made.  They also seek declaratory relief asking the Court to declare that Nationstar's accounting investigation of the Pemberton's complaint regarding deferred interest payments and reporting practices are wrongful subsequent refusal to provide supplemental information was negligent, and that further seek an Order from the Court requiring Nationstar to provide supplemental information to Plaintiff and Class members regarding deferred interest payments, as well as providing to the IRS supplemental information regarding receipt of deferred interest payments from Plaintiff and Class members.  Nationstar should be required to issue corrected Form 1098s provide this supplemental information to Plaintiff, Class Members and the IRS for all tax years where Nationstar wrongfully reported did not report receipt of deferred mortgage interest payments.

///

///

///

# IV.

## THE PARTIES

25.    Plaintiffs are individuals who, during all times relevant herein, resided in Grass Valley, Nevada County, California.  Plaintiffs had a mortgage loan owned and/or serviced by Nationstar.  Plaintiffs paid Nationstar more than $600 in mortgage interest in tax-year 2013, but. They did not receive an IRS Form 1098 from Nationstar for that

tax-year correctly reporting all of the interest, including deferred interest, they paid because of Nationstar's ~~wrongful accounting practice previously described~~ did not include deferred interest in its calculation of reportable interest on Form 1098.

26.     Class Members reside in and are located throughout the United States and in foreign jurisdictions.  Each Class Member either owns a main home, second home, residential rental home, or combinations thereof in the United States, or in one of its possessions or territories, with a Nationstar negative amortization loan and paid previously deferred interest to Nationstar which Nationstar failed to include in the Class Member's Form 1098 for the year when the payment was made.

27.     Nationstar is, and at all times mentioned herein was, a limited liability corporation and one of the nation's leading mortgage servicers.  It is headquartered in Lewisville, Texas.

# V.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,[2] 2201, 2202.  Subject matter jurisdiction also exists under the Class Action Fairness Act of 2005 -- 28 U.S.C. §§ 1332(a) and 1332(d) -- because the matter in controversy exceeds $5.0 million exclusive of interest and costs and the Named Plaintiffs are citizens of California and Nationstar is not.   Further, Class Members reside, on information and belief, in every state in America.  There is therefore minimal diversity between the Class Members and the Defendant.  Further, more than two-thirds of the members of the putative Class Members are citizens of states different from that of the

---

[2] ~~Plaintiffs assert federal question jurisdiction exists based on their contention that a good faith argument supports the finding that an implied private right of action exists under 26 U.S.C. Section 6050H as that Section was enacted as part of the Taxpayer's Bill of Rights II.  See, e.g. Doane v. Metal Bluing Products, Inc., 568 F.Supp. 744, 745-746 (D.C.N.Y. 1983) (where a good faith argument can be made that a federal statute provides for an implied right of action, then federal question jurisdiction exists).~~

1  Defendant and this case does not present a local controversy.

2      29.    This Court has personal jurisdiction over Nationstar because, among other

3  things, Nationstar does business in the State of California and in this Judicial District,

4  and because Nationstar has established minimum contacts with California such that the

5  exercise of jurisdiction over it will not offend traditional notions of fair play and

6  substantial justice.  Indeed, Nationstar has voluntarily conducted business and solicited

7  customers in the State of California for its loans, including in this judicial district and

8  continues to commit the wrongful acts alleged herein against California residents within

9  this judicial district.

10     30.    Venue is proper in this judicial district under 18 U.S.C. §1391 and 1965.

11 Nationstar can be found in, has one or more agents in, and/or transacts or has transacted

12 business in this judicial district.

13

14                                   **VI.**

15                          **CLASS ALLEGATIONS**

16     31.    Paragraphs 1 through ~~28~~30 above are incorporated herein by reference.

17     32.    Plaintiffs bring this action on their own behalf and on behalf of the classes

18 of persons similarly situated to them pursuant to Rule 23(a) and 23(b)(2) and (b)(3) of

19 the Federal Rules of Civil Procedure.

20     33.    Plaintiffs seek to represent a damage class of:

21          All Option Arm mortgagors of Nationstar, or any of its predecessors-

22          in-interest ~~who made payments mortgage interest payment to~~

23          ~~Nationstar on~~, holding loans secured by real property in the United

24          States (or in its territories and protectorates) ~~which Nationstar did not~~

25          ~~report on the mortgagors' IRS~~ who made mortgage interest payments

26          to Nationstar that included a payment of deferred interest, and received

27          a Form 1098 ~~form in~~for the year in which ~~the~~ deferred interest was paid

28          and the amount of interest stated on the Form 1098 did not include the

                                   -12-

deferred interest paid to Nationstar and Nationstar provided no supplemental information to the mortgagor or the IRS identifying its receipt of the deferred interest payment was made..

Plaintiffs also seek to represent an injunctive class consisting of:

> All current Option Arm mortgagors of Nationstar, or any of its predecessors-in-interest who made payments mortgage interest payment to Nationstar on, holding loans secured by real property in the United States (or in its territories and protectorates) which Nationstar did not report on the mortgagors' IRS who presently make or prospectively will make mortgage interest payments to Nationstar that include a payment of deferred interest, and will receive a Form 1098 form infor the year in which deferred interest is paid and the amount of interest stated on the payment was madeForm 1098 will not include the deferred interest paid to Nationstar and Nationstar will not provide to the mortgagor or the IRS any supplemental information, separate and apart from Form 1098, that identifies the amount of deferred interest paid to Nationstar in any given tax year.

Plaintiffs reserve the right to amend the definition of these classes, or to amend theirthis second amended complaint to state appropriate sub-classes following discovery.

34.     Plaintiffs do not know the exact size of the classes or the identities of the Class Members since such information is in the exclusive control of Nationstar.  They believe, however, that the classes encompass tens of thousands of individuals who are geographically dispersed throughout the United States and in foreign nations.  The number of members in the classes are so numerous that joinder of all Class Members is impracticable.

35. There are numerous questions of law and fact common to the classes that will predominate over any questions affecting only individuals. Among these common questions are:

a. Whether "deferred interest" paid by Class Members to Nationstar is "mortgage interest" that should have been reported in the year in which it was paid;

a. If Nationstar chose, by contract, to call the payment of deferred interest "Principal" for purposes of its contract with its borrowers, and not report the receipt of deferred interest for tax purposes on Form 1098, should Nationstar provide supplemental information to its mortgagors and the IRS, identifying the amount of deferred interest it received in any tax year?;

b. Does calling deferred interest "Principal" for contract purposes, change the nature of deferred interest for tax reporting purposes such that Nationstar does not have to give the IRS or the mortgagor notice of its receipt of the deferred interest payments and allow the IRS and the mortgagor/taxpayer to determine the deductibility of the deferred interest paid?;

b.c. Whether Nationstar had the right to unilaterally, and without notice to its borrowers, (or to the IRS) fail to report deferred mortgage interest, in any form, to anybody, in the year in which it is paid;, thereby precluding the IRS and the taxpayer from independently determining the deductibility of the home mortgage interest deduction

c.d. Whether Nationstar maintains written and/or unwritten policies, procedures and/or practices concerning the accounting and reporting of mortgage interest payments received by Nationstar from Class Members, and whether those policies have changed over time;

-14-

1    d.e.   Whether Nationstar acted intentionally in committing its wrongs

2         against the Class Members;

3    e.f.   Whether Nationstar's disclosures to consumers were adequate as to

4         how it would treat payments of deferred mortgage interest;

5    f.g.   What injunctive relief would be appropriate to prevent further

6         wrongful conduct by Nationstar;

7    g.h.   What remedial measures would be appropriate to remedy the

8         wrongs that have been done by Nationstar to the Class; and

9    h.   Whether punitive damages should be awarded against Nationstar.

10    36.   The claims of the Plaintiffs are typical of the claims of the classes and do

11    not conflict with the interests of any other Class Members in that both the Plaintiffs and

12    the other Class Members were subjected to the same wrongful policies, practices and

13    procedures of Nationstar and all have an interest (and legal duty) to assure that their

14    taxes are properly stated.

15    37.   The Plaintiffs will fairly and adequately represent the interests of the other

16    Class Members.   The Plaintiffs have retained skilled and experienced counsel to

17    represent the classes in this class action litigation.

18    38.   Prosecution of separate actions will create the risk of adjudications with

19    respect to individual Class Members which would, as a practical matter, be dispositive

20    of the interests of Class Members who are not parties to those adjudications and

21    would/could substantially impair or impede their ability to protect their interests.

22    39.   In adopting and implementing the policies, practices and procedures

23    hereinafter alleged, Nationstar has acted, failed, or refused to act on grounds generally

24    applicable to the class, thereby making appropriate final injunctive relief or declaratory

25    relief with respect to the class as a whole.

26    40.   The class action is superior to other available methods for fairly and

27    efficiently adjudicating the issues concerning whether Nationstar's policies, practices

28    and procedures in accounting for and reporting the payment of "deferred mortgage

FIRSTSECOND AMENDED CLASS ACTION COMPLAINT

1   interest" received by Nationstar have class-wide impact and effect are in violation of

2   IRS requirements.

3

4   ## COUNT I

5   ## BREACH OF CONTRACT

6       41.    Plaintiffs re-allege and hereby incorporate each and every allegation

7   contained in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

8       42.    With the origination of each of its loans, Nationstar provided Plaintiffs and

9   Class Members with promissory notes which serve as the contract between the Class

10  Members and Nationstar.

11      43.    Although these notes do not contain any provision specifically governing

12  the manner in which Nationstar would report mortgage interest to Plaintiffs and Class

13  Members, doing so is nonetheless a term of each such contract because Nationstar has

14  a legal duty to provide accurate Forms 1098 as required by 26 U.S.C. § 6050H.  This

15  contractual term is material to borrowers because of the tax deductibility of mortgage

16  interest and so they can carry out their legal obligation to file their taxes accurately.

17      44.    Nationstar has continually breached this contractual term from at least

18  2013 forward to the present by failing to accurately report interest payments "received"

19  by it as required by § 6050H and the definition of interest under 26 U.S.C. § 163(a).

20      45.    Plaintiffs are not in default on their loan and have complied with all terms

21  and conditions of their contract.  But even as to Class Members who might have

22  defaulted, Nationstar's obligation to provide Forms 1098 is an independent duty.

23      46.    As a result of Nationstar's breach of the contract, Plaintiffs and the Class

24  Members have been damaged as set forth above.

25

26  ## COUNT II

27  ## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

28      47.    Plaintiffs re-allege and hereby incorporate each and every allegation

-16-

1    contained in Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

2         48.    In every contract, parties have a duty to act in good faith and deal with

3    each other fairly.  Nationstar had such a duty to act in good faith with respect to

4    Plaintiffs and the Class Members.  This included the duty to not to conceal and/or fully

5    and unambiguously disclose to Plaintiffs and Class Members that the way it was treating

6    "deferred interest" payments was against Class Members' interests and contrary to

7    established tax law.

8         49.    After receiving Plaintiffs' and the Class Members' mortgage interest

9    payments, Nationstar breached the implied covenant of good faith and fair dealing by

10   failing to report to the IRS payments of "deferred interest" it received from Plaintiffs

11   and Class Members consistent with IRS regulations and guidelines.  This inaccurate

12   reporting caused Class Members to receive inaccurate Form 1098s thereby depriving

13   them of significant tax deductions.   Further, when Plaintiffs notified Nationstar of its

14   failure to accurately report their interest payments, Nationstar had an obligation under

15   RESPA and the covenant of good faith to research their contention.  Had it done so, it

16   would have determined that its policy was wrong.  Thus, the extent Nationstar did not,

17   upon receipt of plaintiffs' complaint, reverse its course and issue revised Forms 1098

18   for all years in which it issued inaccurate Forms 1098, such was a further breach of the

19   covenant of good faith and fair dealing.

20        50.    As a result of Nationstar's breaches of the implied covenant of good faith

21   and fair dealing, Plaintiffs and the Class Members have been damaged as set forth above

22   and will be damaged in the future to the extent that they are precluded by the statute of

23   limitations from amending any of their affected tax returns.

24        51.    It is further alleged that Nationstar acted intentionally and with knowledge

25   that its reporting policies were in violation of law and took its actions notwithstanding

26   that knowledge so as to maximize its own profits and avoid conflict with its borrowers

27   and the IRS.

28

-17-

**FIRSTSECOND AMENDED CLASS ACTION COMPLAINT**

52. Nationstar committed its wrongful acts intentionally and with knowledge of the harm it was doing to consumers and in a manner shocking to the conscience so punitive damages should be assessed against Nationstar.

## COUNT III

### VIOLATION OF 26 U.S.C. 6050H

53. Plaintiffs re-allege and hereby incorporate each and every allegation contained in Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54. Plaintiffs assert that there exists an implied private right of action to enforce the terms of 26 U.S.C. § 6050H under the test established in *Cort v. Ash*, 422 U.S. 66, 78 (1975).

55. To the extent an implied private right of action is found to exist on behalf of a borrower to enforce the terms of 26 U.S.C. § 6050H against a lender, Plaintiffs allege as follows:

56. Nationstar had a duty to accurately report to the IRS the amount of mortgage interest Plaintiffs and Class Members paid to it under 26 U.S.C. § 6050H. Nationstar breached this duty by failing to report payments of deferred interest on the Form 1098s it issued to its borrowers, including Plaintiffs and the Class Members.

57. As a proximate result of Nationstar's breach of its statutory duty as herein alleged, Plaintiffs and Class Members have been harmed by receiving inaccurate Form 1098s and have suffered damages as a result thereof as specified above. Further, Plaintiffs and the Class Members have been deprived of the ability to accurately report to the IRS the full amount of their mortgage interest deduction and are entitled to equitable relief to remedy their situation.

## COUNT IV

### UNFAIR/DECEPTIVE BUSINESS PRACTICES

58.41. Plaintiffs re-allege and hereby incorporate each and every allegation

-18-

contained in Paragraphs 1 through 5740 of this Complaint as though fully set forth herein.

59.42. California Business & Professions Code § 17200 et seq. ("UCL") prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice."

60.43. As alleged above, Nationstar has been violating the terms of 26 U.S.C. § 6050H by failing to include payments of mortgage interest that were actually made by Plaintiffs and Class Members.  Nationstar's practice constitutes an unlawful, unfair and fraudulent business practices under the UCL and would also constitute violations of similar consumer protection laws in applicable in the several United states.

61. However, in the event that the Court determines that the UCL either cannot be applied in these circumstances outside of California, or that the differences between the laws of the several states and California's UCL as so substantial as to make the administration of a class action unmanageable, then Plaintiffs assert that a separate subclass of California borrowers should be certified for all of Plaintiffs' claims, including Plaintiffs' UCL claim.  This sub-class would be defined in the same manner as the main class, but would be limited to Class Members with loans secured by real property in California.

62.44. Plaintiffs have suffered losses of money or property as a result of Defendants' unlawful, deceptive and unfair business practices and will incur future losses as a result of having to amend their tax return.  As a result of Defendant's violations of the UCL, Plaintiffs and Class Members are entitled to bring this claim for injunctive and other equitable relief.  And, as a part of that relief, Plaintiffs request the Court act in equity to order Nationstar to issue corrected Forms 1098 and payment of accountancy fees Plaintiffs and the members of the class will have to incur to correct Nationstar's wrongful prior reporting.

///

1  ///

2  ///

3  <span style="color:red">COUNT V</span>

4  COUNT II

5  **DECLARATORY RELIEF**

6  ~~63.~~45. Plaintiffs re-allege and hereby incorporate each and every allegation

7  contained in Paragraphs 1 through ~~62~~45 of this Complaint as though fully set forth

8  herein.

9  ~~64.~~46. An actual controversy has arisen and now exists between Plaintiffs and

10  Nationstar regarding the manner in which Nationstar accounts for payments of

11  "deferred interest" as alleged above.

12  ~~65.    Plaintiffs and Class Members contend that Nationstar has maintained a~~

13  ~~policy whereby it has wrongfully under-reported to the IRS and Class Members the~~

14  ~~amount of "mortgage interest" paid by them and has refused to correct these errors.~~

15  47.    Plaintiffs and Class Members contend that Nationstar acted negligently in

16  the investigation of Plaintiff's complaint regarding deferred interest payments made by

17  Plaintiff and Nationstar's refusal to provide supplemental information to Plaintiff when

18  requested. SPS denies this contention. Accordingly, Plaintiff asks this Court to declare

19  said conduct to be negligent and to order SPS to provide to Plaintiff, and others similarly

20  situated, supplemental information, if it chooses not to include payments of deferred

21  interest on Form 1098, that identifies the payment of deferred interest, previously paid

22  and in each future calendar year thereafter.

23  48.    Inasmuch as the IRS depends on information received from lenders about

24  a lenders receipt of all mortgage interest in determining the propriety of a mortgage

25  interest deduction, Plaintiff also seeks an Order from this Court that to the extent SPS

26  does not report deferred interest payments on Form 1098, SPS is to provide to the IRS

27  information that identifies its receipt of *deferred interest.*  By Ordering SPS to provide

28

this to both Plaintiff, others similarly situated and the IRS, the IRS and the taxpayer will each have information to evaluate and assess any claimed mortgage interest deduction.

66.    A declaratory judgment is necessary to immediately resolve the issue as to whether Nationstar is correctly reporting Class Members' mortgage interest payments on Form 1098s and whether Nationstar should be required to provide corrected 1098 forms to the Class Members for all years in which its policies did not conform to law.

67.49. alleged failure of SPS to provide information, in some form to both the IRS and the Plaintiff and other similarly situated, regarding SPS' receipt of deferred mortgage interest. Without such a declaratory judgment, Plaintiffs and the Class Members will have no way of complying with their legal obligation of properly reporting their payments of all mortgage interest to the IRS in their tax returns, receiving the full benefit of a mortgage interest tax deduction, and cannot correct previous errors caused by Nationstar.

68.50. Wherefore, declaratory relief is necessary and proper in this matter.

### COUNT VI

### PRELIMINARY AND PERMANENT INJUNCTION

69.    Plaintiffs re-allege and hereby incorporate each and every allegation contained in Paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70.    Plaintiffs are informed and believe, and thereon alleges, that Defendant's wrongful actions and omissions as alleged above, if permitted to continue and occur, will cause great and irreparable harm to Plaintiffs and Class Members, including the inability to properly file their tax returns, which is their legal obligation.

71.    Wherefore, Plaintiffs, on behalf of themselves and all Class Members seek: 1) to enjoin Nationstar from issuing any IRS Form 1098s that do not account for its receipt of "deferred interest" received from Plaintiffs and Class Members, 2) that Nationstar be compelled to issue corrected 1098 forms to all Class Members for all years in which it has done so wrongfully, and 3) that as part of its equitable powers, the

-21-

1  Court order Nationstar to pay for the accounting fees necessary for all Class Members
2  to amend their tax returns to correct Nationstar's error.

3

4  **COUNT VII**

5  **FRAUD**

6  72.   Plaintiffs re-allege and hereby incorporate each and every allegation
7  contained in Paragraphs 1 through 71 of this Complaint as though fully set forth herein.

8  73.   As alleged previously, Nationstar knowingly and intentionally
9  misrepresented the correct amount of interest that plaintiffs paid to it in 2013. It also
10  intentionally concealed from Plaintiffs and the other Class Members that it had
11  wrongfully reported incorrect amounts of mortgage interest on the Forms 1098 that it
12  had issued and for the sole purpose of benefitting Nationstar.

13  74.   Nationstar was under a legal duty pursuant to 26 U.S.C. §6050H to report
14  accurately only the interest Nationstar "received" during each calendar year and it was
15  further under a duty to correct any mistakes on Forms 1098 as soon as possible after
16  determining that a wrong amount had been reported.

17  75.   Nationstar knew that its concealment of the facts relating to its wrongful
18  interest reporting would be relied upon by Plaintiffs and the Class Members (and the
19  IRS).

20  76.   Plaintiffs and the Class Members did not (and Class Members still do not)
21  know about Nationstar's improper and illegal scheme, and, even if some tiny percentage
22  may have figured it out, like Plaintiffs, they were still powerless to avoid being damaged
23  by Nationstar's fraud because of the IRS' aforementioned policy of rejecting any returns
24  where the amount of interest claimed did not match the amount of the lender-issued
25  Form 1098.

26  77.   Nationstar knew and intended that Plaintiffs' and the Class Members'
27  reliance on the incorrect Forms 1098 would cause detriment to the Plaintiffs and the
28  Class Members.

FIRSTSECOND AMENDED CLASS ACTION COMPLAINT

1  ~~78.    Nationstar knew that Plaintiffs and the Class Members would be damaged~~
2  ~~by Nationstar's under-reporting of mortgage interest as Nationstar was intentionally not~~
3  ~~reporting amounts of interest that were paid and concealing from its borrowers that it~~
4  ~~was doing so.~~
5  ~~79.    As a direct and proximate result of Nationstar's multiple concealments,~~
6  ~~Plaintiffs and the Class Members have been damaged in an amount according to proof.~~
7  ~~80.    Nationstar's fraudulent concealment was undertaken with a conscious~~
8  ~~disregard of its effect on Plaintiffs and the Class Members and in a manner shocking to~~
9  ~~the conscience such that punitive damages should be awarded.~~

10
11                              **~~COUNT VIII~~**
12                              **COUNT III**
13                              **NEGLIGENCE**

14  ~~81.~~51.Plaintiffs re-allege and hereby incorporate each and every allegation
15  contained in Paragraphs 1 through ~~80~~51 of this Complaint as though fully set forth
16  herein.

17  ~~82.~~52.As alleged previously, Nationstar was under a legal duty pursuant to 26
18  U.S.C. §6050H to report accurately only the interest Nationstar "received" during each
19  calendar year and it was further under a duty to correct any mistakes on Forms 1098 as
20  soon as possible after determining that a wrong amount had been reported.

21  ~~83.~~53.Assuming that Nationstar did not intentionally report incorrect amounts of
22  mortgage interest on the Forms 1098 that it sent to plaintiffs and Class Members, it
23  negligently breached its legal duty to Plaintiffs and the Class Members to accurately
24  report the amounts of mortgage interest to Plaintiffs and the Class Members.

25  ~~84.~~54.As a result of Nationstar's negligence, Plaintiffs and the Class Members
26  have been damaged in an amount according to proof.  Plaintiffs and Class Members did
27  not know about Nationstar's improper and illegal reporting, and, even if some tiny
28  percentage may have figured it out, they were still powerless to avoid being damaged

by Nationstar's negligence because of the IRS' aforementioned policy of rejecting any returns where the amount of interest claimed did not match the amount of the lender-issued Form 1098.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all Class Members, pray for judgment and injunctive and equitable relief against Nationstar as follows:

(a)  Certification of the classes pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, certifying Plaintiffs as the representatives of the classes (and for the California sub-class (if necessary)), and designating Plaintiffs' counsel as counsel for the class (and subclass if necessary);

(b)  A ~~judicial~~ declaration ~~that Nationstar has committed the violations alleged herein;~~

(c)  ~~An Order~~and Injunction requiring Nationstar to issue ~~corrected Form 1098s~~supplemental information to ~~Plaintiffs and to all Class Members for all years where Nationstar did not report~~Plaintiff, Class members and the IRS stating the ~~correct~~ amount of ~~mortgage~~deferred interest Plaintiff and Class Members paid ~~on such forms~~during the Class Period;

(d)  For general and special damages in an amount to be proven at time of trial, including, but not limited to, accountancy fees necessary to amend Class Member tax returns and/or to determine the value of any lost deductions, and the value of those lost deductions;

(e)  ~~For punitive or exemplary damages on all causes of action where appropriate;~~

(f)  ~~An Order in equity (if no damages are awarded) requiring Defendant to pay for the Class Members' reasonable expenses in filing amended tax~~

1  ~~returns for those years where Nationstar did not report "deferred interest"~~
2  ~~on each Class Members' IRS Form 1098s;~~

3  ~~(g)~~(e)  An order in equity (if no damages are awarded) requiring Defendant to pay
4  any accountancy expenses necessary to determining if ~~they~~Class Members
5  lost money as a result of Nationstar's failure to identify and report to
6  Plaintiff mis-reporting of mortgage interest on their Forms 1098;

7  ~~(h)   An Order precluding Nationstar from issuing any Form 1098s which do~~
8  ~~not accurately reflect the interest paid during any given year;~~

9  ~~(i)~~(f)  A declaration and Injunction requiring Nationstar, on a prospective basis,
10  to issue supplemental information to Plaintiff, Class members and the
11  IRS stating the amount of deferred interest Plaintiff and Class Members
12  pay and Nationstar receives in every calendar year;

13  (g)  Prejudgment interest at the legal rate on any sum of damages awarded;

14  (j)  Attorney's fees ~~according to proof at time of trial~~pursuant to Civil Code
15  §1021.5 of the California Civil          Code;

16  (k)  Costs of suit, including expert witness fees and costs, herein incurred;

17  (l)  For such other and further relief as this Court may deem proper and just;
18  and

19
20  ~~///~~
21  ~~///~~
22  ~~///~~

23  **<u>JURY TRIAL DEMAND</u>**

24  Plaintiffs and all those similarly situated hereby demand a trial by jury for all
25  issues so triable and if any arbitration clause is asserted by Defendant, on the issue of
26  whether a valid arbitration agreement exists.

27
28  ~~Date: April 23, 2014                    MORRIS POLICH & PURDY LLP~~

Date: July 17, 2018          MICHAEL R. BROWN, APC

By:          s/ Michael R. Brown
             Michael R. Brown

LAW OFFICE OF DAVID J. VENDLER

By:          s/ David J. Vendler
             David J. Vendler
             E-mail: dvendler@mpplaw.com

Attorneys for Plaintiffs MICHAEL
PEMBERTON and SANDRA COLLINS-
PEMBERTON and all others similarly situated