1  JOHN B. SULLIVAN (State Bar No. 96742)
   ERIK KEMP (State Bar No. 246196)
2  ek@severson.com
   ADAM A. VUKOVIC (State Bar No. 301392)
3  aav@severson.com
   SEVERSON & WERSON
4  A Professional Corporation
   One Embarcadero Center, Suite 2600
5  San Francisco, California 94111
   Telephone: (415) 398-3344
6  Facsimile: (415) 956-0439

7  Attorneys for Defendant
   NATIONSTAR MORTGAGE LLC

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

|  | |
|---|---|
| 11  MICHAEL PEMBERTON and SANDRA COLLINS-PEMBERTON, individually, and on behalf of the class of all others similarly situated,<br><br>12<br><br>13           Plaintiff,<br><br>14<br><br>15  vs.<br><br>16  NATIONSTAR MORTGAGE LLC, a Federal Savings Bank,<br><br>17           Defendant. | Case No. 3:14-cv-01024-BAS-MSB<br><br>**DECLARATION OF ERIK KEMP IN OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL SECOND AMENDED COMPLAINT**<br><br>Date:   January 28, 2019<br>Time:   9:00 a.m.<br>Crtrm.: 4B<br>Judge:  Hon. Cynthia Bashant<br><br>Action Filed:   April 23, 2014 |

18

19       I, Erik Kemp, declare and state as follows:

20       1.     I am an attorney licensed to practice before this Court.  I am a member

21  of Severson & Werson, P.C., attorneys of record for defendant Nationstar Mortgage

22  LLC in this action.  I make this declaration in opposition to plaintiffs' motion for

23  leave to file a supplemental second amended complaint.  I have personal knowledge

24  of the matters set forth in this declaration, and if called upon to do so, I could and

25  would testify competently to same.

26       2.     I have reviewed plaintiffs' motion for leave to file a supplemental

27  second amended complaint.  On page 2 of the memorandum, plaintiffs' counsel

28  assert that they were unaware that Nationstar's general practice was to report

1  payments of deferred interest on Forms 1098 before taking Thea Cross's deposition
2  on November 27, 2018.

3       3.    I have had multiple conversations with plaintiffs' counsel, Michael
4  Brown, since the case was filed in 2014.  On several different occasions, I informed
5  Mr. Brown that Nationstar's general practice was to report payments of deferred
6  interest on Forms 1098.  I also explained on several different occasions that only an
7  unknown, limited subset of Nationstar borrowers with Option ARM loans would not
8  have had payments of deferred interest reported in accord with this policy.  While I
9  cannot recall the dates of all of these conversations, I do recall at least one such
10 conversation occurred in 2014 shortly after the case was filed and another occurred
11 in September 2018 while the parties were meeting and conferring regarding the
12 preparation of a Rule 26(f) report.

13      4.    On November 2, 2018, Nationstar served its responses to plaintiffs'
14 first set of interrogatories.  In response to interrogatory no. 7, Nationstar disclosed
15 that its general practice is to report payments of deferred interest on Forms 1098.  A
16 true copy of this response is attached as Exhibit A.

17      I declare under penalty of perjury under the laws of the United States of
18 America that the foregoing is true and correct.  This declaration was executed on
19 January 14, 2019, in San Francisco, California.

20
21
22                                        Erik Kemp
23
24
25
26
27
28

# EXHIBIT A

1 | JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
2 | ERIK KEMP (State Bar No. 246196)
ek@severson.com
3 | ADAM A. VUKOVIC (State Bar No. 301392)
aav@severson.com
4 | SEVERSON & WERSON
A Professional Corporation
5 | One Embarcadero Center, Suite 2600
San Francisco, California 94111
6 | Telephone: (415) 398-3344
Facsimile: (415) 956-0439
7 |
Attorneys for Defendant
8 | NATIONSTAR MORTGAGE LLC

9 |

10 |                     UNITED STATES DISTRICT COURT

11 |                   SOUTHERN DISTRICT OF CALIFORNIA

12 |

13 | MICHAEL PEMBERTON and            Case No. 3:14-cv-01024 BAS WVG
SANDRA COLLINS-PEMBERTON,
14 | individually, and on behalf of the class  **NATIONSTAR MORTGAGE LLC'S**
of all others similarly situated,          **RESPONSES TO PLAINTIFFS'**
15 |                                          **INTERROGATORIES, SET ONE**
            Plaintiff,
16 |                                   Action Filed:   April 23, 2014
         vs.
17 |
NATIONSTAR MORTGAGE LLC, a
18 | Federal Savings Bank,

19 |         Defendant.

20 |

21 | PROPOUNDING PARTY:  Plaintiffs MICHAEL PEMBERTON and
                      SANDRA COLLINS
22 |

23 | RESPONDING PARTY:   Defendant NATIONSTAR MORTGAGE, LLC

24 | SET NO.:            ONE

25 |       Pursuant to Fed. R. Civ. P. 33, Defendant Nationstar Mortgage, LLC provides

26 | the following responses to Plaintiffs Michael Pemberton and Susan Collins-

27 | Pemberton's First Set of Interrogatories.

28 |

80001.0021/11529277.2                               3:14-cv-01024 BAS WVG

## GENERAL OBJECTIONS

1.    Nationstar object to these Interrogatories to the extent that they purport to impose obligations on Nationstar greater than those required under FRCP Rules 26 and 33.  In responding to these Interrogatories, Nationstar will comply with its obligations under FRCP Rules 26 and 33 and other applicable provisions of federal law, but will not provide additional information requested by Plaintiffs or take other steps not required under the FRCP.

2.    Pursuant to FRCP Rule 26(b)(2)(B), Nationstar will not provide information that is not reasonably accessible because of undue burden or cost.

3.    Nationstar objects to these Interrogatories to the extent they purport to seek information relating to purported absent class members.  Nationstar maintains that this case is not appropriate for class certification and that, even if a class were ultimately certified, the class definition would have to be limited and/or altered significantly.  Class certification has not yet been adjudicated.  Therefore, Plaintiffs have no standing to represent any purported absent class members and cannot issue discovery requests on their behalf.  Interrogatories seeking information related to purported absent class members are not relevant to the proceeding as they are not related to either parties' claims or defenses.  (See Fed. R. Civ. P. 26(b)(1).)

4.    Certain information sought in these Interrogatories can only be obtained and produced, as a practical matter, by searching electronically stored information or "ESI" maintained by Nationstar.  A manual search for and production of such information would be unduly burdensome and oppressive, and requiring Nationstar to manually search for and produce the information sought in these Interrogatories would exceed the scope of its obligations under the FRCP.  Nationstar is prepared to meet and confer with Plaintiffs to discuss and agree upon appropriate protocols and parameters for the searching and production of ESI that is proportionate to the claims alleged in the operative complaint.  Nationstar anticipates that the agreed-upon protocols will include, at a minimum, identification

of custodians whose electronic records will be searched and agreement upon search terms which are reasonably designed to obtain ESI which is relevant to the parties' claims and defenses in this action. Nationstar also reserves its right to move the Court to require Plaintiffs to pay some or all of the costs of searching, gathering, or producing ESI. Nationstar provides its written responses to these interrogatories with the understanding that further responses to certain interrogatories can only be provided after ESI protocols are agreed upon and the necessary information is obtained from Nationstar's electronically stored information.

5.    Nationstar objects to these Interrogatories, and to each interrogatory contained herein, to the extent that it directly or indirectly seeks information based on information which is protected by the attorney-client privilege, work product doctrine, or other applicable privileges which prevent disclosure of such information. Any disclosure of privileged information in its responses to these Interrogatories is unintentional and should not be deemed a waiver of privilege by Nationstar.

6.    Nationstar is continuing its investigation and makes these responses based on information it has obtained to date. Nationstar reserves the right to revise, correct, supplement, or clarify any of these responses as may be warranted by the Nationstar's ongoing investigation in its defense of this action.

7.    Nationstar objects to the definition of "you" and "your" as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside of the scope of permissible discovery. Nationstar further objects to the definition of "you" and "your" to the extent it purports to require a response on behalf of any party other than Nationstar. Nationstar will respond only on behalf of itself.

8.    Each of these responses and general objections is incorporated into Nationstar's responses to the individual interrogatories set forth below, as if fully set forth therein.

1     <u>**RESPONSE TO INTERROGATORIES**</u>

2     <u>**INTERROGATORY NO. 1:**</u>

3            For each of YOUR responses to Plaintiffs' First Set Of Requests For

4     Admission To YOU that is other than an unqualified admission, identify the number

5     of the request, and state all facts upon which YOU base YOUR response.

6     <u>**RESPONSE TO INTERROGATORY NO. 1:**</u>

7            Nationstar objects that this interrogatory is impermissibly compound as it

8     requires a separate response for each request for admission that Nationstar did not

9     respond to with an unqualified admission.  As the interrogatory is impermissibly

10    compound, Nationstar further objects that this interrogatory exceeds the limitation

11    on the number of interrogatories that may be served by the court's scheduling order.

12    *See Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC WVG, 2014 WL

13    3490356, at *7 (S.D. Cal. July 11, 2014).  Nationstar also objects that the request is

14    overly broad and seeks information not relevant to the parties' claims or defenses

15    insofar as it seeks all facts that support defendant's denial of any requests for

16    admissions.

17    <u>**INTERROGATORY NO. 2:**</u>

18           For each of YOUR responses to Plaintiffs' First Set Of Requests For

19    Admission To YOU that is other than an unqualified admission, identify the number

20    of the request, and IDENTIFY all DOCUMENTS upon which YOU base YOUR

21    response.

22    <u>**RESPONSE TO INTERROGATORY NO. 2:**</u>

23           Nationstar objects that this interrogatory is impermissibly compound as it

24    requires a separate response for each request for admission that Nationstar did not

25    respond to with an unqualified admission.  As the interrogatory is impermissibly

26    compound, Nationstar further objects that this interrogatory exceeds the limitation

27    on the number of interrogatories that may be served under the court's scheduling

28    order.  *See Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC WVG, 2014 WL

1  3490356, at *7 (S.D. Cal. July 11, 2014).  Nationstar also objects that the request is

2  overly broad and seeks information not relevant to the parties' claims or defenses

3  insofar as it seeks all documents that support defendant's denial of any requests for

4  admissions.

5  **INTERROGATORY NO. 3:**

6      State all facts upon which YOU based YOUR determination not to provide

7  Michael Pemberton and Susan-Collins Pemberton a FORM 1098 for tax-year 2013.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9      Nationstar objects that this request is vague and ambiguous as it wrongly

10  assumes Nationstar did not provide plaintiffs a Form 1098 for tax year 2013.

11  Natiosntar did provide plaintiffs a Form 1098 for tax year 2013.

12  **INTERROGATORY NO. 4:**

13      IDENTIFY the person(s) who are primarily responsible for assuring YOUR

14  compliance with the IRS's requirements for providing informational tax returns

15  (such as FORM 1098) to YOUR BORROWERS.

16  **RESPONSE TO INTERROGATORY NO. 4:**

17      Thea Cross, Nationstar Mortgage LLC, AVP, Year End, c/o Severson &

18  Werson, P.C., One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

19  **INTERROGATORY NO. 5:**

20      Please state YOUR understanding as to when YOU are required to provide a

21  FORM 1098 to YOUR BORROWERS who have OPTION ARM LOANS that have

22  paid previously DEFERRED INTEREST and what YOU base that understanding

23  on.

24  **RESPONSE TO INTERROGATORY NO. 5:**

25      Nationstar responds that this interrogatory was withdrawn by plaintiffs on

26  October 23, 2018, and that no response is, therefore, required.  Nationstar expressly

27  reserves any and all objections it may have to this interrogatory if it is propounded

28  by plaintiffs again in the future.

**INTERROGATORY NO. 6:**

IDENTIFY and DESCRIBE all policies, guidelines, manuals, instructional documents, directives or writings of any kind, and any additions, modifications or amendments thereto, that existed at NATIONSTAR, since January 1, 2005, that set forth YOUR policies and practices regarding the issuance of FORM 1098 to BORROWERS that previously deferred the payment of INTEREST on an OPTION ARM LOAN and subsequently repaid the DEFERRED INTEREST. Please include any documents that YOU created as well as any documents from any third parties such as the IRS or counsel.

**RESPONSE TO INTERROGATORY NO. 6:**

Nationstar objects that this request is overbroad and seeks information not relevant to the parties' claims or defenses insofar as it seeks documents that existed since January 1, 2005. Such information would exceed the scope of any class that plaintiffs might attempt to certify in this action. Nationstar will respond insofar as the request seeks documents that existed since April 23, 2010 to the present. As to those documents, Nationstar responds that a response to this interrogatory would require an examination, audit, compilation, abstract, or summary of Nationstar's business records, and that the burden of determining this answer would be substantially the same for Plaintiffs as it would be to Nationstar. Accordingly, Nationstar exercises its right pursuant to Fed. R. Civ. P. 33(d) and refers Plaintiffs to the records produced by Nationstar reflecting policies and procedures relating to reporting of Interest on Forms 1098.

**INTERROGATORY NO. 7:**

If, within the past 10 years, YOU have issued Forms 1098 to some of YOUR OPTION ARM LOAN BORROWERS that paid DEFERRED INTEREST and did not issue FORMS 1098 to other BORROWERS that paid DEFERRED INTEREST in the same year, explain why this occurred.

1   **RESPONSE TO INTERROGATORY NO. 7:**

2        Nationstar objects that this request is overbroad and seeks information not

3 relevant to the parties' claims or defenses insofar as it seeks documents that have

4 existed over the last 10 years.  Such information would exceed the scope of any

5 class that plaintiffs might attempt to certify in this action.  Nationstar will respond

6 insofar as the request seeks documents that existed since April 23, 2010 to the

7 present.  Nationstar responds that since at least 2010, its policy has been to include

8 deferred interest in its calculation of the amount of interest paid on borrowers'

9 Forms 1098.  At the present time, the only instances of which Nationstar is aware in

10 which deferred interest was not included in the amounts reported on Forms 1098

11 arose because the prior servicer did not separately track deferred interest and did not

12 inform Nationstar that the unpaid principal balance included deferred interest when

13 the loans' servicing rights were transferred to Nationstar.

14   **INTERROGATORY NO. 8:**

15        Fully DESCRIBE ANY INTERNAL COMMUNICATIONS that YOU have

16 relating to whether YOU have in the past, or are currently correctly reporting the

17 amounts of mortgage INTEREST on FORMS 1098 that you provide to

18 BORROWERS with OPTION ARM LOANS who have paid YOU previously

19 DEFERRED INTEREST.

20   **RESPONSE TO INTERROGATORY NO. 8:**

21        Nationstar objects that this interrogatory seeks information that is not relevant

22 to the parties' claims or defenses.  Any internal communications that might exist

23 have no bearing on the remaining claims alleged in plaintiffs' complaint.  Nationstar

24 further objects that responding to this request would be unduly burdensome and

25 oppressive as there is no systematic way to identify all internal communications that

26 might exist.  Nationstar further objects to the extent this request seeks

27 communications protected by the attorney-client privilege or attorney work product

28 doctrine.

**INTERROGATORY NO. 9:**

Fully DESCRIBE ANY COMMUNICATIONS that YOU have had with third parties, including entities that transferred servicing of OPTION ARM LOANS to YOU, or the IRS, relating to whether YOU are correctly reporting the amounts of mortgage INTEREST on FORMS 1098 that you provide to BORROWERS with OPTION ARM LOANS who have paid YOU previously DEFERRED INTEREST.

**RESPONSE TO INTERROGATORY NO. 9:**

Nationstar objects that this interrogatory seeks information that is not relevant to the parties' claims or defenses. Any communications with third parties that might exist have no bearing on the remaining claims alleged in plaintiffs' complaint. Nationstar further objects that responding to this request would be unduly burdensome and oppressive as there is no systematic way to identify all communications Nationstar has had with third parties about reporting on Forms 1098.

**INTERROGATORY NO. 10:**

If YOU deny any of the allegations made by Plaintiffs in the COMPLAINT, state all facts upon which you base each specific denial.

**RESPONSE TO INTERROGATORY NO. 10:**

Nationstar objects that this interrogatory is impermissibly compound as it requires a separate response for each allegation in the complaint that Nationstar has denied. As the interrogatory is impermissibly compound, Nationstar further objects that this interrogatory exceeds the limitation on the number of interrogatories that may be served under the court's scheduling order. *See Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC WVG, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014).

**INTERROGATORY NO. 11:**

If YOU deny any of the allegations made by Plaintiffs in the COMPLAINT, IDENTIFY all persons having knowledge of facts supporting each specific denial.

1  **RESPONSE TO INTERROGATORY NO. 11:**

2          Nationstar objects that this interrogatory is impermissibly compound as it

3  requires a separate response for each allegation in the complaint that Nationstar has

4  denied.  As the interrogatory is impermissibly compound, Nationstar further objects

5  that this interrogatory exceeds the limitation on the number of interrogatories that

6  may be served under the court's scheduling order.  *See Makaeff v. Trump Univ.,*

7  *LLC*, No. 10-CV-0940-GPC WVG, 2014 WL 3490356, at *7 (S.D. Cal. July 11,

8  2014).  Nationstar further objects that this interrogatory is overbroad and seeks

9  information not relevant to the parties' claims or defenses or the subject matter of

10 the litigation insofar as it seeks the identify of "all" persons who have knowledge of

11 facts supporting the allegations Nationstar denies.

12 **INTERROGATORY NO. 12:**

13          State all facts supporting each specific affirmative defense YOU have alleged.

14 **RESPONSE TO INTERROGATORY NO. 12:**

15          Nationstar objects that this interrogatory is impermissibly compound as it

16 requires a separate response for each affirmative defenses that Nationstar has

17 alleged.  As the interrogatory is impermissibly compound, Nationstar further objects

18 that this interrogatory exceeds the limitation on the number of interrogatories that

19 may be served under the court's scheduling order.  *See Makaeff v. Trump Univ.,*

20 *LLC*, No. 10-CV-0940-GPC WVG, 2014 WL 3490356, at *7 (S.D. Cal. July 11,

21 2014).

22 **INTERROGATORY NO. 13:**

23          IDENTIFY all persons having knowledge of any facts supporting each of

24 YOUR affirmative defenses.

25 **RESPONSE TO INTERROGATORY NO. 13:**

26          Nationstar objects that this interrogatory is impermissibly compound as it

27 requires a separate response for each affirmative defenses that Nationstar has

28 alleged.  As the interrogatory is impermissibly compound, Nationstar further objects

1   that this interrogatory exceeds the limitation on the number of interrogatories that

2   may be served under the court's scheduling order. *See Makaeff v. Trump Univ.,*

3   *LLC*, No. 10-CV-0940-GPC WVG, 2014 WL 3490356, at *7 (S.D. Cal. July 11,

4   2014). Nationstar further objects that this interrogatory is overbroad and seeks

5   information not relevant to the parties' claims or defenses or the subject matter of

6   the litigation insofar as it seeks the identify of "all" persons who have knowledge of

7   facts supporting each affirmative defense that Nationstar has alleged.

8   **INTERROGATORY NO. 14:**

9        For each year beginning January 1, 2010 to the present date, state the number

10  of OPTION ARM LOANS you originated, owned, or were transferred to YOU for

11  servicing, including but not limited to the OPTION ARM LOANS acquired from

12  BANA.

13  **RESPONSE TO INTERROGATORY NO. 14:**

14        Nationstar objects that this interrogatory is overly broad and seeks

15  information not relevant to the parties' claims or defenses. The number of Option

16  ARM loans Nationstar has serviced is not relevant since the complaint concerns

17  only Option ARM loans on which deferred interest was paid to Nationstar that was

18  not reported on Forms 1098. The number of loans Nationstar serviced each year

19  since 2010 also has no relevance to the parties' claims or defenses. Nationstar

20  further objects that responding to this interrogatory would be unduly burdensome

21  and oppressive to the extent it seeks information about loans that were Option ARM

22  loans while they were serviced by another servicer but which were never Option

23  ARM loans while serviced with Nationstar. Nationstar cannot determine on an

24  automated basis whether the loans it services were previously Option ARM Loans

25  when they were serviced by a different servicer. Notwithstanding these objections,

26  Nationstar responds that it has serviced approximately 65,494 loans acquired since

27  January 1, 2010 that were Option ARM loans while Nationstar held the servicing

28  rights. Nationstar did not originate or own any Option ARM loans during that

1 | period.

2 | **INTERROGATORY NO. 15:**

3 | For each year beginning January 1, 2010 to the present date, state the number

4 | of OPTION ARM LOANS you serviced for other lenders.

5 | **RESPONSE TO INTERROGATORY NO. 15:**

6 | Nationstar objects that this interrogatory is overly broad and seeks

7 | information not relevant to the parties' claims or defenses.  The number of Option

8 | ARM loans Nationstar has serviced is not relevant since the complaint concerns

9 | only Option ARM loans on which deferred interest was paid to Nationstar that was

10 | not reported on Forms 1098.  The number of loans Nationstar serviced each year

11 | since 2010 also has no relevance to the parties' claims or defenses.  Nationstar

12 | further objects that responding to this interrogatory would be unduly burdensome

13 | and oppressive to the extent it seeks information about loans that were Option ARM

14 | loans while they were serviced by another servicer but which were never Option

15 | ARM loans while serviced with Nationstar.  Nationstar cannot determine on an

16 | automated basis whether the loans it services were previously Option ARM Loans

17 | when they were serviced by a different servicer.  Notwithstanding these objections,

18 | Nationstar responds that it has serviced approximately 65,494 loans acquired since

19 | January 1, 2010 that were Option ARM loans while Nationstar held the servicing

20 | rights.  Nationstar did not originate or own any Option ARM loans during that

21 | period.

22 | **INTERROGATORY NO. 16:**

23 | At the time YOU acquired OPTION ARM LOANS from any lender or

24 | financial institution or investors, for servicing or any other purpose, state all steps

25 | YOU took to determine if the LOAN BALANCES of the OPTION ARM LOANS

26 | YOU were acquiring included unpaid DEFERRED INTEREST.

27 | **RESPONSE TO INTERROGATORY NO. 16:**

28 | When loans are transferred from a prior servicer to Nationstar, the prior

servicer transmits data to Nationstar regarding each loan.  Among the data
transferred is a field in which the prior servicer should input the amount of deferred
interest that is included in the loan's principal balance.  If the deferred interest field
is populated with a balance, Natiosntar will treat that amount as deferred interest in
its loan servicing system.

**INTERROGATORY NO. 17:**

State the amount of Plaintiffs' LOAN BALANCE at the time YOU acquired
Plaintiffs' LOAN.

**RESPONSE TO INTERROGATORY NO. 17:**

$469,075.41.

**INTERROGATORY NO. 18:**

Did YOU ever make any inquiry of BANA as to whether Plaintiffs' LOAN
BALANCE included unpaid DEFERRED INTEREST?

**RESPONSE TO INTERROGATORY NO. 18:**

Yes.

**INTERROGATORY NO. 19:**

Please describe in detail all steps you took to determine whether Plaintiffs'
LOAN BALANCE included unpaid DEFERRED INTEREST, including but not
limited to the dates of each step, the names of all persons taking the steps, the names
of all persons to whom inquiry was made, the request and receipt of any documents,
the content of any conversations, and the conclusions reached after inquiry.

**RESPONSE TO INTERROGATORY NO. 19:**

Nationstar objects that this request is vague, ambiguous, and compound.  It is
unclear whether the request is referring to steps taken when the loan's servicing
rights were acquired at any time thereafter, including after the litigation was filed.
Nationstar further objects that this interrogatory is unduly burdensome and
oppressive as it seeks all steps Nationstar has taken to determine whether the
Pembertons' loan balance includes deferred interest.  Nationstar further objects to

1  the extent the request seeks information protected by the attorney-client privilege or
2  attorney work product doctrine.

3        Notwithstanding those objections, Nationstar responds that when loans are
4  transferred from a prior servicer to Nationstar, the prior servicer transmits data to
5  Nationstar regarding each loan.  Among the data transferred is a field in which the
6  prior servicer should input the amount of deferred interest that is included in the
7  loan's principal balance.  If the deferred interest field is populated with a balance,
8  Nationstar will treat that amount as deferred interest in its loan servicing system.
9  With respect to the Pembertons' loan, the prior servicer did not input any
10 information in the deferred interest field indicating that some portion of the unpaid
11 principal balance consisted of previously deferred interest.  Nationstar thus had no
12 way of knowing whether the Pembertons' loan balance contained previously
13 deferred interest.

14 **INTERROGATORY NO. 20:**

15       For the period January 1, 2015 through the present date, please state and
16 describe how you allocate monthly payments received from BORROWERS with
17 OPTION ARM LOANS between PRINCIPAL, current INTEREST, DEFERRED
18 INTEREST and any other charges which may be payable through the
19 BORROWERS monthly payment.

20 **RESPONSE TO INTERROGATORY NO. 20:**

21       Nationstar states that a response to this interrogatory would require an
22 examination, audit, compilation, abstract, or summary of Nationstar's business
23 records, and that the burden of determining this answer would be substantially the
24 same for Plaintiffs as it would be to Nationstar.  Accordingly, Nationstar exercises
25 its right pursuant to Fed. R. Civ. P. 33(d) and refers Plaintiffs to the payment
26 hierarchy produced with this response.

27 **INTERROGATORY NO. 21:**

28       For the period January 1, 2015 through the present date, IDENTIFY all

1  policies, procedures, manuals, guidelines and internal writings and INTERNAL

2  COMMUNICATIONS that evidence, state and describe how you allocate monthly

3  payments received from BORROWERS with OPTION ARM LOANS between

4  PRINCIPAL, current INTEREST, DEFERRED INTEREST and any other charges

5  which may be payable through the BORROWERS monthly payment.

6  **RESPONSE TO INTERROGATORY NO. 21:**

7        Nationstar objects that this interrogatory seeks information not relevant to the

8  parties' claims or defenses.  The complaint does not contain any allegations

9  regarding allocation of payments and the Court has already dismissed plaintiffs'

10  breach of contract claim.  Nationstar further objects that responding to this

11  interrogatory would be unduly burdensome and oppressive insofar as plaintiffs seek

12  all internal communications regarding payment application.

13        Nevertheless, Nationstar will identify its policies and procedures governing

14  payment allocation on all loans, including Option ARM Loans.  A further response

15  to this interrogatory would require an examination, audit, compilation, abstract, or

16  summary of Nationstar's business records, and that the burden of determining this

17  answer would be substantially the same for Plaintiffs as it would be to Nationstar.

18  Accordingly, Nationstar exercises its right pursuant to Fed. R. Civ. P. 33(d) and

19  refers Plaintiffs to the payment hierarchy produced with this response.

20  **INTERROGATORY NO. 22:**

21        If YOU relied on the language of any contract in determining how to allocate

22  the monthly payments you received from BORROWERS, including Plaintiffs,

23  between any amounts owed to YOU, including any contracts between YOUR

24  BORROWERS and YOU or any owner of the OPTION ARM LOANS YOU were

25  servicing, or between YOU and any third party that retained YOU to service its

26  OPTION ARM LOANS, specify the precise contractual language that YOU were

27  relying upon, indicating in YOUR answer the contract in which that language can be

28  found.

1   **RESPONSE TO INTERROGATORY NO. 22:**

2       Nationstar objects that this request is overly broad and seeks information not

3 relevant to the parties' claims or defenses or the subject matter of the litigation. The

4 operative complaint alleges no facts about payment allocation and the Court

5 dismissed plaintiffs' breach of contract claim. Nationstar further objects that

6 responding to this interrogatory would be unduly burdensome and oppressive as it

7 services loans with many different types of security instruments and payment

8 allocation provisions. The burden of requiring Nationstar to identify each payment

9 allocation provision in each of the many types of loans it services outweighs the

10 relevance of the information, if any, sought by this interrogatory.

11   **INTERROGATORY NO. 23:**

12       In determining whether to allocate any portion of YOUR BORROWERS

13 aggregate monthly mortgage payments to previously DEFERRED INTEREST and

14 to include that aggregate amount in Box 1 of FORM 1098, was it your intention to

15 follow the allocation of payment provisions in YOUR BORROWERS mortgage

16 contract?

17   **RESPONSE TO INTERROGATORY NO. 23:**

18       Nationstar responds that request is vague, ambiguous and impermissibly

19 compound. The interrogatory appears to ask questions both about how payments

20 are applied and how interest on Forms 1098 is reported, which are two independent

21 issues. Notwithstanding this objection, Nationstar responds that its intention is

22 always to follow the payment allocation provisions in borrowers' home loan

23 contracts. However, how payments are allocated does not determine whether there

24 is any obligation to report payments of previously deferred interest on Forms 1098.

25   **INTERROGATORY NO. 24:**

26       If YOU relied on any provision of the Internal Revenue Code, or any

27 governmental regulation, statute or case law, in determining how to allocate the

28 monthly payments you received from any BORROWERS who had OPTION ARM

1    LOANS that you acquired from another lender, financial institution or investors,

2    between any amounts owed to YOU, specify the precise Internal Revenue Code

3    section, governmental regulation, statute or case and IDENTIFY all DOCUMENTS,

4    INTERNAL COMMUNICATIONS and EXTERNAL COMMUNICATIONS that

5    discuss the authority YOU rely on.

6    **RESPONSE TO INTERROGATORY NO. 24:**

7           Nationstar objects that this request is vague, ambiguous, and impermissibly

8    compound.  The question appears to ask Nationstar to identify any authority relied

9    on in allocating payments Option ARM Loans and for Nationstar to identify any

10   documents, internal communications, and external communications discussing any

11   such authority.  Nationstar further objects that responding to this interrogatory

12   would be unduly burdensome and oppressive to the extent it seeks all internal and

13   external communications regarding payment allocation.  Notwithstanding these

14   objections, Nationstar responds that it does not rely on the Internal Revenue Code,

15   or any governmental regulation, statute or case law, in determining how to allocate

16   the monthly payments it receives on Option ARM loans.

17   **INTERROGATORY NO. 25:**

18          How many of YOUR BORROWERS paid money to YOU on OPTION ARM

19   LOANS for the period January 1, 2005 through the present date.

20   **RESPONSE TO INTERROGATORY NO. 25:**

21          Nationstar objects that this request is overbroad and seeks information that is

22   not relevant to the parties' claims or defenses or the subject matter of the litigation.

23   Plaintiffs' claims concern whether Nationstar properly reported interest on Forms

24   1098, not the amount of borrowers who made payments on Option ARM Loans.

25   The interrogatory is also temporally overbroad as it asks for information about all

26   loans Nationstar has serviced since 2005, which far exceeds the date range of any

27   class that plaintiffs might certify in this action.  Nationstar also objects that

28   responding to this interrogatory would be unduly burdensome and oppressive.

**INTERROGATORY NO. 26:**

Have you ever allocated any portion of a monthly payment YOU have received from BORROWERS with OPTION ARM LOANS to previously DEFERRED INTEREST?

**RESPONSE TO INTERROGATORY NO. 26:**

Yes.

**INTERROGATORY NO. 27:**

If YOU have allocated any portion of a BORROWER'S monthly payment on an OPTION ARM LOAN balance that the BORROWER paid to YOU to unpaid DEFERRED INTEREST, state the reason why you did so.

**RESPONSE TO INTERROGATORY NO. 27:**

Nationstar responds that this interrogatory was withdrawn by plaintiffs on October 23, 2018, and that no response is, therefore, required. Nationstar expressly reserves any and all objections it may have to this interrogatory if it is propounded by plaintiffs again in the future.

**INTERROGATORY NO. 28:**

Have you ever reported on a FORM 1098 YOUR receipt of INTEREST that had been previously deferred pursuant to the provisions of an OPTION ARM LOAN?

**RESPONSE TO INTERROGATORY NO. 28:**

Nationstar responds that this interrogatory was withdrawn by plaintiffs on October 23, 2018, and that no response is, therefore, required. Nationstar expressly reserves and any and all objections it may have to this interrogatory if it is propounded by plaintiffs again in the future.

**INTERROGATORY NO. 29:**

If YOU have ever reported on a FORM 1098 YOUR receipt of INTEREST that had been previously deferred pursuant to the provisions of an OPTION ARM LOAN state the reason why you did so.

1  **RESPONSE TO INTERROGATORY NO. 29:**

2          Nationstar is not aware of any authority addressing whether a servicer is

3  obligated to include previously deferred interest on Option ARM Loans in its

4  calculation of the amount of interest paid on Forms 1098.  In the absence of any

5  direct authority addressing the issue, Nationstar has decided as a matter of policy to

6  include deferred interest in its calculation for the amount of interest paid on Forms

7  1098.  Nationstar adopted that policy because it may be more beneficial to the

8  borrower.

9  **INTERROGATORY NO. 30:**

10          How do you define the term "Mortgage Interest"?

11  **RESPONSE TO INTERROGATORY NO. 30:**

12          Nationstar responds that this interrogatory was withdrawn by plaintiffs on

13  October 23, 2018, and that no response is, therefore, required.  Nationstar expressly

14  reserves any and all objections it may have to this interrogatory if it is propounded

15  by plaintiffs again in the future.

16  **INTERROGATORY NO. 31:**

17          Please identify any contractual language between YOU, or contained in any

18  mortgage contract for which YOU are the servicer, or in any statute, IRC, or case

19  law, that YOU rely on in defining what "Mortgage Interest" is that YOU use in

20  fulfilling YOUR obligations to report Mortgage Interest, as YOU define it, to

21  YOUR BORROWERS and the IRS in FORMS 1098.

22  **RESPONSE TO INTERROGATORY NO. 31:**

23          Nationstar responds that this interrogatory was withdrawn by plaintiffs on

24  October 23, 2018, and that no response is, therefore, required.  Nationstar expressly

25  reserves any and all objections it may have to this interrogatory if it is propounded

26  by plaintiffs again in the future.

27  **INTERROGATORY NO. 32:**

28          Please state YOUR understanding of YOUR duties and obligations to report

1 YOUR receipt of INTEREST under the provisions of the Internal Revenue Code,

2 and in particular §6050H.

3 **RESPONSE TO INTERROGATORY NO. 32:**

4      Nationstar responds that it understands §6050H requires it to issue a Form

5 1098 to the IRS, with a copy to the borrower, if it has received mortgage interest of

6 $600 or more from the borrower in the calendar year. Nationstar is not aware of any

7 authority addressing whether a servicer is obligated to include previously deferred

8 interest capitalized into the principal balance on Option ARM Loans in its

9 calculation of the amount of interest paid on Forms 1098. In the absence of any

10 direct authority addressing the issue, Nationstar has decided as a matter of policy to

11 include deferred interest in its calculation for the amount of interest paid on Forms

12 1098. Nationstar adopted that policy because it may be more beneficial to the

13 borrower.

14 **INTERROGATORY NO. 33:**

15      Please state how YOU perform, implement and fulfill YOUR duties and

16 obligations to report YOUR receipt of INTEREST under the provisions of the

17 Internal Revenue Code, and in particular §6050H for OPTION ARM LOANS for

18 the period January 1, 2005 through the present date.

19 **RESPONSE TO INTERROGATORY NO. 33:**

20      Nationstar responds that it understands §6050H requires it to issue a Form

21 1098 to the IRS, with a copy to the borrower, if it has received mortgage interest of

22 $600 or more from the borrower in the calendar year. Nationstar is not aware of any

23 authority addressing whether a servicer is obligated to include deferred interest on

24 Option ARM Loans in its calculation of the amount of interest paid on Forms 1098.

25 In the absence of any direct authority addressing the issue, Nationstar has decided as

26 a matter of policy to include deferred interest in its calculation for the amount of

27 interest paid on Forms 1098. Nationstar adopted that policy because it may be more

28 beneficial to the borrower.

1      Nationstar has implemented its policy by separately tracking deferred interest
2   in its system of record.  Nationstar separately tracks all payments of deferred interest
3   that are made when it services a loan.  When Nationstar acquires a loan's servicing
4   rights from another servicer, it requests that the prior servicer inform it of the
5   amount of any deferred interest included in the loan's principal balance during the
6   boarding process.  If a prior servicer informs Nationstar that the loan's balance
7   includes previously deferred interest, Nationstar will continue to treat such amounts
8   as deferred interest while it services the loan.

9      When Nationstar is aware that a loan's principal balance includes previously
10  deferred interest that has been capitalized into the loan's principal balance,
11  Nationstar separately tracks all payments that are applied to previously deferred
12  interest.  Those amounts are then automatically included in the amount of interest
13  reported on Forms 1098 issued for the calendar year.

14     In some cases, however, Nationstar may not be aware that a loan's principal
15  balance includes previously deferred interest because the negative amortization
16  occurred when the loan was serviced by another servicer and that servicer did not
17  separately track deferred interest or inform Nationstar that the balance included
18  deferred interest when the loan's servicing rights were transferred.  Since 2015,
19  Nationstar has implemented an exception reporting process in which it manually
20  reviews loans that had a principal balance at boarding exceeding the original
21  principal balance, but the prior servicer did not indicate the principal balance was
22  higher due to negative amortization.  When Nationstar determines that the principal
23  balance on such loans includes previously deferred interest and payments are
24  applied to such interest, Nationstar will manually adjust the amount of interest
25  reported on Forms 1098 to include such deferred interest.

26

27

28

1

DATED:  November 2, 2018

SEVERSON & WERSON
A Professional Corporation

2

3

4

By: _____

5

Adam A. Vukovic

6

Attorneys for Defendant NATIONSTAR

7

MORTGAGE LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, Courtney Ehinger, am employed by Nationstar Mortgage LLC and am authorized to make this verification on behalf of it.  Based upon my review of business records, information assembled by authorized agents at Nationstar, and/or my personal knowledge, the facts stated in defendants' responses to plaintiff's first set of interrogatories are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of November 2018.

By: _____
                    Courtney Ehinger

**PROOF OF SERVICE**
**Pemberton v. Nationstar Mortgage LLC**
**US District Court, Southern District of California Case No. 14CV1024 BAS WVG**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On November 2, 2018, I served true copies of the following document(s):

**NATIONSTAR MORTGAGE LLC'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL: By agreement of the parties or by court order**, I caused a copy of the document(s) to be sent from e-mail address elw@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 2, 2018, at San Francisco, California.

Erica D. Wheelock

80001.0021/11529277.2

3:14-cv-01024 BAS WVG
RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

1

**SERVICE LIST**
**Pemberton v. Nationstar Mortgage LLC**

2    **US District Court, Southern District of California Case No. 14CV1024 BAS**
**WVG**

3

4    David James Vendler                    *Attorney for Plaintiffs*
Morris Polich & Purdy LLP              *Michael Pemberton*
1055 W Seventh Street                  *Sandra Collins-Pemberton*

5    24th Floor
Los Angeles, CA 90017-2503             Tel.:  213-891-9100

6                                           Fax:   213-488-1178
Email: dvendler@mpplaw.com

7
Michael R. Brown                       *Attorney for Plaintiffs*

8    Michael R Brown APC                    *Michael Pemberton*
18101 Von Karman Avenue                *Sandra Collins-Pemberton*

9    Suite 1900
Irvine, CA 92612                       Tel.:   (949)435-3888

10                                          Fax:   (949)435-3810
Email: mbrown@mrbapclaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

80001.0021/11529277.2                  3:14-cv-01024 BAS WVG
RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE