**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PEMBERTON and SANDRA COLLINS-PEMBERTON, individually, and on behalf of the class of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, a Federal Savings Bank,<br><br>Defendant. | Case No. 3:14-CV-01024-BAS-MSB<br><br>**DECLARATION OF JENNIFER M. KEOUGH REGARDING NOTICE ADMINISTRATION** |

I, JENNIFER M. KEOUGH, declare as follows:

1.      I am the Chief Executive Officer of JND Legal Administration LLC ("JND").  JND is a legal administration services provider with its headquarters located in Seattle, Washington.  JND has extensive experience with all aspects of legal administration and has administered settlements in hundreds of class action cases.

2.      JND is serving as the Claims Administrator in the above-captioned litigation ("Action") for the purposes of administering the Settlement Agreement and Release ("Settlement Agreement") preliminarily approved by the Court in its Order: (1) Preliminarily Approving Class Action Settlement; (2) Conditionally Approving Proposed Settlement Class; and (3) Setting Hearing of Final Approval of Settlement ("Order"), dated October 9, 2019.   The following

- 1 -

statements are based on my personal knowledge and information provided to me by other experienced JND employees working under my supervision, and if called upon to do so, I could and would testify competently thereto.

3.     JND is one of the leading legal administration firms in the country, and the principals of JND, including myself, collectively have over 75 years of experience in class action legal and administrative fields.  JND's class action division provides all services necessary for the effective implementation of class action settlements including: (1) all facets of legal notice, such as outbound mailing, email notification, and the design and implementation of media programs, including through digital and social media platforms; (2) website design and deployment, including on-line claim filing capabilities; (3) call center and other contact support; (4) secure class member data management; (5) paper and electronic claims processing; (6) calculation design and programming; (7) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (8) qualified settlement fund tax reporting; (9) banking services and reporting; and (10) all other functions related to the secure and accurate administration of class action settlements.  JND has been recognized by various publications, including the National Law Journal and the Legal Times, and most recently, the New York Law Journal, for excellence in class action administration.

## CAFA NOTICE

4.     On August 23, 2019, and in compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, JND compiled a CD-ROM containing the following documents with an accompanying cover letter and attachment of recipients:

    a.     Class Action Complaint, filed on April 23, 2014;

    b.     First Amended Class Action Complaint, filed on April 26, 2017;

    c.     Second Amended Class Action Complaint, filed on July 18, 2018;

    d.     Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, filed on August 13, 2019, and attaching:

i.      Declaration of David J. Vendler in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;

ii.     Settlement Agreement and Release;

iii.    Class Notice;

iv.     Claim Form;

v.      Proposed Order Granting Preliminary Approval of Class Action Settlement;

vi.     Proposed Final Approval Order and Judgment;

vii.    Declaration of Michael R. Brown in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;

viii.   Declaration of Katherian Pippin in Support of Motion for Preliminary Approval; and

ix.     Declaration of Thea Cross in Support of Motion for Preliminary Approval.

5.      A true and correct copy of the CAFA Notice is attached hereto as **Exhibit A**.

## **CLASS MEMBER DATA**

6.      On August 22, 2019, JND received a spreadsheet containing, among other information the names, mailing addresses, and loan numbers of individuals identified as potential Class Members.  The spreadsheet contained contact information and other identifying data for a total of 64,183 records.

7.      Prior to mailing notices, JND analyzed the raw data to remove duplicate records. JND identified twenty-five (25) duplicate records, resulting in 64,158 total unique Class Member records.  Pursuant to the terms of the Settlement Agreement, JND conducted address research through the National Change of Address ("NCOA") database[1] maintained by the U.S. Postal Service ("USPS").  A total of 6,645 addresses were updated.  This Class Member data was promptly loaded into a database established for this Action.

---

[1] The NCOA database is the official USPS technology product which makes changes of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream.  This product is an effective tool to update address changes when a person has completed a change of address form with the USPS.  The address information is maintained on the database for forty-eight (48) months.

**MAIL NOTICE**

8.      On October 18, 2019, JND mailed the Court-approved Class Notice and Claim Form ("Notice") via the USPS regular mail to the 64,158 unique Class Members identified in the initial data file.  A representative copy of the Notice is attached as **Exhibit B**.

9.      As of the date of this Declaration, JND has tracked 249 mailed Notices that were returned as undeliverable.  Of these undeliverable Notices, JND re-mailed one (1) Notice to a forwarding address provided by the USPS.

**TOLL-FREE INFORMATION LINE**

10.      On October 18, 2019, JND established a case-specific toll-free number, (1-844-961-0318), which individuals may call to obtain additional information regarding the Settlement.  The toll-free number is available 24 hours a day, seven days a week

11.      As of the date of this Declaration, the toll-free number has received 519 calls.

**SETTLEMENT WEBSITE**

12.      On October 18, 2019, JND established a Settlement Website (www.PembertonClassSettlement.com), to provide additional information to the Class Members, answer frequently asked questions, and allow Class Members to submit their Claim Form online.  Viewers of the Settlement website can download a copy operative complaint, the Class Notice, the Claim Form, the Settlement Agreement, the Preliminary Approval Order, as well as other case-related documents.  The Settlement Website is optimized for display on mobile devices.  Keywords and natural language search terms are included in the site's metadata to maximize search engine rankings.

13.      As of the date of this Declaration, the Settlement Website has tracked 690 unique users and 2,718 page views.

## REQUESTS FOR EXCLUSION

14.     Per the terms of the Settlement Agreement and Order, any Class Member who wanted to exclude themselves from the proposed Settlement ("opt-out") had to mail a signed letter to JND stating that they desired to opt-out of the proposed Settlement or otherwise not participate in the proposed Settlement, postmarked on or before November 22, 2019.

15.     JND has received a total of twenty-two (22) opt-out requests to the proposed Settlement.

## OBJECTIONS

16.     Per the terms of the Settlement Agreement and Order, any Class Member who wants to object to approval of the proposed Settlement can do so by submitting a written objection to be filed with the Court by December 30, 2019 and to mail copies of the objection to Class Counsel, Nationstar's Counsel, and the Claims Administrator to be postmarked by the December 30, 2019 or earlier.

17.     As of the date of this Declaration, JND has not received any objections to the proposed Settlement.

## CLAIMS

18.     Per the terms of the Settlement Agreement and Order, the deadline for Class Members to submit a Claim Form is December 30, 2019.

19.     As of the date of this Declaration, JND has received a total of 5,251 Claim Forms, 5,159 received by mail and ninety-two (92) submitted electronically.

    a.      Of the total number of Claim Forms received, 5,043 Claim Forms were determined, on the face of the Claim Form, to be deficient and/or missing required information. Per the terms of the Settlement Agreement, JND has mailed deficiency letters to all Class Members who have submitted deficient Claim Forms.  The deficiency letters clearly outline the deficiencies in the filed form and directs Class Member how to cure the deficiencies.

b.      Of the total number of Claim Forms received, 280 Claim Forms were determined to be complete.  JND has provided copies of such claims to Nationstar for additional review and will continue to provide copies of complete Claim Forms to Nationstar on a weekly basis.

20.    JND is still in the process of receiving Claim Form submissions and deficiency responses and can provide a supplemental declaration with final claim counts following the claim deadline.

I declare under the penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on December 11, 2019 at Seattle, Washington.


By: _____
      JENNIFER M. KEOUGH

DECLARATION OF JENNIFER M. KEOUGH
CASE NO. 3:14-CV-01024-BAS-MSB

# EXHIBIT A



August 23, 2019

United States Attorney General
and the Appropriate Officials
Identified in Attachment A

**RE:  CAFA Notice of Proposed Class Action Settlement**

Dear Sir or Madam:

This Notice is being provided to you in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 on behalf of Nationstar Mortgage LLC, the defendant in the below-referenced class action ("the Action").  Plaintiffs' Motion for Preliminary Approval of Class Action Settlement was filed with the Court on August 13, 2019.  The Court has not yet issued a decision on the Motion for Preliminary Approval, and as of the date of this Notice, the Court has not scheduled an approval hearing.

| | |
|---|---|
| **Case Name:** | *Pemberton, et al. v. Nationstar Mortgage LLC* |
| **Case Number:** | *3:14-cv-01024-BAS-MSB* |
| **Jurisdiction:** | *United States District Court for the Southern District of California* |
| **Date Settlement filed with Court:** | *August 13, 2019* |

Pursuant to 28 U.S.C. § 1715 (b), the enclosed CD contains the following documents filed in the Action:

**01 - Complaint.pdf**
   Class Action Complaint, filed April 23, 2014

**02 - First Amended Complaint.pdf**
   First Amended Class Action Complaint, filed April 26, 2017

**03 - Second Amended Complaint.pdf**
   Second Amended Class Action Complaint, filed July 18, 2018

**04 - Motion for Preliminary Approval.pdf**
   Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, filed August 13, 2019, and attaching

   1. **Declaration of David J Vendler in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement**

   2. **Settlement Agreement and Release**

   3. **Class Notice**

4. **Claim Form**

5. **Proposed Order Granting Preliminary Approval of Class Action Settlement**

6. **Proposed Final Approval Order and Judgment**

7. **Declaration of Michael R. Brown in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement**

8. **Declaration of Katherian Pippin in Support of Motion for Preliminary Approval**

9. **Declaration of Thea Cross in Support of Motion for Preliminary Approval**

Pursuant to 28 U.S.C. § 1715 (b)(7), the CD also contains the following additional documents containing the names of class members who reside in each state and a breakdown detailing the proportionate share of the number of class members who reside in each state:

**05 - List of Class Members by State.pdf**

**06 - Breakdown of Class Members by State.pdf**

It is not possible for Nationstar to provide the precise proportionate share of the claims of such members to the entire settlement because such amounts depend upon factors which cannot be reliably predicted. The amount due each class member cannot be determined until after the claims process is completed.

There are no other settlements or agreements made between Counsel for the parties related to the class defined in the proposed settlement, and as of the date of this Notice, no Final Judgment or notice of dismissal has been entered in this case.

If you have any questions regarding the details of the case and settlement, please contact Defense Counsel's representative at:

Erik Kemp
Severson & Werson, PC
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Phone: (415) 677-5556
E-mail: ek@severson.com

For questions regarding this Notice, please contact JND at:

JND Class Action Administration
1100 2nd Ave, Suite 300
Seattle, WA  98101
Phone: 800-207-7160

Regards,

JND Legal Administration

Encl.

# EXHIBIT B

**PEMBERTON V. NATIONSTAR CLAIM FORM**

**THIS CLAIM FORM MUST BE SUBMITTED BY DECEMBER 30, 2019 AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT. BE SURE YOU HAVE CAREFULLY COMPLETED EACH LINE THAT ASKS FOR INFORMATION. INCOMPLETE FORMS WILL RESULT IN A DENIAL OF YOUR CLAIM.**

| **If you have questions, please visit www.PembertonClassSettlement.com or call 1-844-961-0318.** |
|---|

Instructions: Fill out each section of this form and sign where indicated.

| First Name | M.I. | Last Name | |
|---|---|---|---|
| Street Address: | | | |
| City: | | State: | Zip Code: |
| Email Address (optional): | | Contact Phone #: | |

(You may be contacted if further information is required.)

Please fill out the verification below and provide documentation sufficient to establish that you paid more in taxes than was owed, for one or more tax years between 2010 and 2018, based on Nationstar Mortgage LLC's reporting on Forms 1098 that did not include deferred interest.  Acceptable proof may include but is not limited to page 1 and 2 of Form 1040 and Schedule A FOR EACH YEAR IN WHICH YOU BELIEVE YOU PAID MORE IN TAXES.  YOU CAN BLOCK OUT ALL REFERENCES TO SOCIAL SECURITY NUMBERS THAT APPEAR ON THESE PAGES.  Nationstar reserves the right to request additional documentation if it is unclear whether you paid more taxes than what was owed.

Nationstar will review your Claim Form and supporting documentation.  If Nationstar determines that your claim is valid and that the amount reported on a Form 1098 for any tax year in **2016, 2017, or 2018** did not include deferred interest, Nationstar will issue an amended IRS Form 1098 for Tax Years 2016, 2017, and/or 2018 that will increase the amount in Box 1, which states the amount of mortgage interest you paid in each year.  With these amended Forms 1098 you may be eligible to file an amended tax return for each year.  If Nationstar determines that your claim is valid and that the amount reported on a Form 1098 for any tax year from **2010 to 2015** did not include deferred interest, Nationstar will issue you a payment of $50.  This process takes time; please be patient.

<u>Class Member Verification</u>: By submitting this Claim Form and checking the boxes below, I declare that I believe the following statements are true (**REMINDER: each box <u>must</u> be checked to receive relief**):

☐   I made one or more payments to Nationstar on my Option ARM Loan between January 1, 2010 and December 31, 2018.

☐   I believe I paid more in taxes than was owed, for one or more tax years between 2010 and 2018, based on Nationstar's reporting on Form(s) 1098 that did not include deferred interest.

☐   All information provided in this Claim Form is true and correct to the best of my knowledge and belief.

**BE SURE TO SIGN AND DATE; OTHERWISE, YOUR CLAIM WILL NOT BE CONSIDERED**

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

Nationstar Account Number (if available): _____

You may submit a completed Claim Form by either (1) visiting the website at www.PembertonClassSettlement.com for instructions on how to upload your Claim Form or (2) mailing the completed Claim Form to Pemberton Class Settlement, c/o JND Legal Administration, P.O. Box 91050, Seattle, WA 98111.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

*Pemberton* **v.** *Nationstar Mortgage, LLC.* **Case No. 14-cv-1024-BAS-MSB**

# If you had an Option ARM Loan serviced by Nationstar Mortgage LLC, your rights may be affected by a class action settlement.

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- A proposed Settlement has been reached in a class action lawsuit concerning whether Nationstar Mortgage LLC ("Nationstar") [NOW KNOWN AS "MR. COOPER"] improperly under-reported to the Internal Revenue Service ("IRS") and your state's taxing authority the amount of mortgage interest you paid to Nationstar on your "Option ARM" mortgage between 2010 and 2018.  As a result, you may have paid more in federal and state income taxes than you should have.

- **Please read this Notice carefully.  Your rights are affected whether you act or don't act.  There are important deadlines and a Claim Form involved in obtaining relief under this Settlement.**

- Nationstar's records show that you are included in this class action lawsuit and proposed Settlement.  You are automatically included in this class action lawsuit and the proposed Settlement if, at any time between 2010 and 2018, you (1) had an "Option ARM" Loan that was serviced by Nationstar; (2) you made a payment to Nationstar (*see* "The Settlement Class–Who is Included" below for more details and descriptions).

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE:**<br><br>**DECEMBER 30, 2019** | **Submit a Claim.  If the Claim is valid, you receive an amended Form 1098 and/or a payment of $50.**<br><br>If you submit a claim with documentation showing that you paid more in taxes than was owed based on Nationstar's reporting on Forms 1098 that did not include deferred interest for one or more tax years between 2010 and 2018, you may be eligible for two forms of relief.  If you paid more taxes in tax year 2016, 2017, or 2018, Nationstar will issue amended Forms 1098 that may allow you to amend your tax returns for each year and obtain a refund from the IRS.  If you paid more taxes in any year between 2010 and 2015, you will not receive an amended Form 1098 because it is too late to amend your tax return, but you will receive a payment of $50. |
| **ASK TO BE EXCLUDED DEADLINE:**<br><br>**NOVEMBER 22, 2019** | **Get out of this lawsuit.  Get no relief.  Keep your rights.**<br><br>If you exclude yourself (remove yourself from the Settlement), you will not be eligible to receive any relief under the Settlement.  However, you will keep the right to sue Nationstar in a separate lawsuit about the claims this Settlement resolves. |
| **OBJECT TO THE SETTLEMENT DEADLINE:**<br><br>**DECEMBER 30, 2019** | **Write to the Court.  Explain your Objection.  Remain in the Class.**<br><br>If you do not like the terms of the Settlement, but do not want to be excluded, you can write to the Court and state the reasons why you don't like the Settlement or a part of it. The Court will review what you write and decide if the Settlement is fair. If the Court approves the Settlement, you will still be part of the Settlement.  You will give up the right to start your own lawsuit, continue with a lawsuit or join a different lawsuit against Nationstar about the negative amortization payments you made prior to this settlement. |
| **GO TO THE HEARING On:**<br><br>**JANUARY 13, 2020** | Ask to speak in Court about the fairness of the Settlement at the Fairness Hearing. |
| **DO NOTHING** | If you do nothing, you will be a Class Member bound by the terms of the Settlement Agreement and Final Judgment, thus forfeiting your right to sue on your own regarding any claims that are part of the Settlement.  However, your failure to timely submit a valid Claim Form will forfeit your right to recover any relief under the Settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case has to decide whether to approve the proposed Settlement.  This process may take several months based upon the Court's scheduling calendar.  Please be patient.

# <u>WHAT THIS NOTICE CONTAINS</u>

**Basic Information**.................................................................................................................................**4**

    1.  Why was this Notice issued?.................................................................................................4
    2.  Why did I get this Notice? .....................................................................................................4
    3.  What is a class action? ..........................................................................................................4
    4.  What is the lawsuit about? .....................................................................................................4
    5.  Why is there a proposed Settlement? ...................................................................................5

**The Settlement Class—Who is Included**..........................................................................................**5**

    6.  Who is included in the Settlement..........................................................................................5
    7.  What is a Negative Amortization Loan? ................................................................................5
    8.  What are Payments of Negative Amortization? ....................................................................5
    9.  What is a Form 1098?. ...........................................................................................................5

**The Settlement Benefits—What You Get** .........................................................................................**6**

    10.  What does the Settlement provide? .....................................................................................6
    11.  When will I receive my amended 1098 and cash payment?.................................................6
    12.  What should I do with my amended 1098? ..........................................................................6
    13.  What rights am I giving up in exchange for the Settlement? ...............................................6
    14.  What are the Released Claims? ............................................................................................7

**The Lawyers Representing You**.........................................................................................................**7**

    15.  Do I have a lawyer in this case? ..........................................................................................7
    16.  Should I get my own lawyer?...............................................................................................7
    17.  How will the lawyers be paid? .............................................................................................7

**Excluding Yourself from the Settlement**..........................................................................................**8**

    18.  What happens if I exclude myself? ......................................................................................8
    19.  How do I exclude myself from the Settlement? ...................................................................8
    20.  If I exclude myself, can I still get a $50 payment for each amended Form 1098 I receive?............................8
    21.  If I don't exclude myself, can I sue Nationstar for the same claims later ? .........................8

**Objecting to the Settlement**.............................................................................................................**8**

    22.  How do I object to the Settlement? ......................................................................................8
    23.  What is the difference between objecting and asking to be excluded from the Settlement?..............9

**The Court's Fairness Hearing**..........................................................................................................**9**

    24.  When and where will the Court decide whether to approve the Settlement?........................9
    25.  Do I have to come to the hearing?........................................................................................9
    26.  May I speak at the hearing?................................................................................................10

**If You Do Nothing**............................................................................................................................**10**

    27.  What happens if I don't do anyhing? ..................................................................................10

**Submit a Claim**.................................................................................................................................**10**

    28.  How do I submit a Claim? ..................................................................................................10

**Getting More Information**...............................................................................................................**10**

    29.  How do I get more information?.........................................................................................10

# BASIC INFORMATION

| 1. Why was this Notice issued? |
| --- |

A Federal Court authorized this Notice because, as someone who had an Option ARM loan serviced by Nationstar between 2010 and 2018, you have a right to know about a proposed Settlement of this class action, and about all of your options, before the Court decides whether to give "final approval" to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible to receive them, and how to get them.

Judge Cynthia A. Bashant of the United States District Court for the Southern District of California is overseeing this class action and the proposed Settlement. The case is known as *Pemberton v. Nationstar Mortgage LLC*, 3:14-cv-01024-BAS-MSB.  The people who sued are called the Plaintiffs. The company they sued, Nationstar Mortgage LLC, is called the Defendant or Nationstar.

| 2. Why did I get this Notice? |
| --- |

You had an Option ARM loan serviced by Nationstar that, at least for some time period, provided you with the option to make monthly mortgage payments that were less than the amount of interest that had actually accrued on your loan during that month. If you chose to exercise that option, the difference between the amount of monthly interest that was due and the amount you paid was added to the principal balance of your loan (this is called deferred interest or negative amortization). So, instead of the principal amount of your loan decreasing each month, it increased. Nationstar ordinarily reports payments of deferred interest to the IRS and you on Forms 1098s. However, in some cases, Nationstar may not have included your payments of deferred interest in the amounts reported for tax years between 2010 and 2018.

| 3. What is a class action? |
| --- |

In a class action, one or more people, called Class Representatives or Named Plaintiffs (in this case Michael Pemberton and Sandra Collins-Pemberton), sue on behalf of all people who have similar claims. Together, these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. What is the lawsuit about? |
| --- |

Plaintiffs claim that Nationstar did not report some borrowers' negative amortization payments to the IRS on tax Form 1098 for tax years between 2010 and 2018. They further claim that by not reporting these payments, and by relying on the Form 1098 that Nationstar sent to them, they overpaid their taxes because they were not able to claim the full amount of their mortgage interest deduction. More specifically, the Plaintiffs sued Nationstar for: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) violation of the unfair competition law; (4) fraud; (5) negligence; (6) negligent misrepresentation; and (7) violation of IRS codes. In 2016, after the case was filed, Nationstar began attempting to identify loans on which Class Members' payments of negative amortization were not captured by its automated system. As a result of that process, in 2016 Nationstar began crediting and reporting additional payments of negative amortization to the IRS on the Forms 1098 that it issued to many Class Members. Thus, if you had negative amortization as part of your loan balance and were making fully amortized monthly payments in 2016 and years thereafter, you may have noticed a substantial increase in the amount of interest that Nationstar reported to you in Box 1 on your Form 1098 for years 2016-2018 compared to the amount it had been reporting in 2015 and years prior. As a result of this change in Nationstar's process, you may by now have already had reported to you the full amount of mortgage interest that Plaintiffs' original complaint sought to have Nationstar report to you. Therefore, Nationstar may have corrected the problem for you

that Plaintiffs sought to correct, and you may have already deducted the full amount of interest that Plaintiffs' original complaint sought to allow you to deduct. The purpose of this Settlement is to provide relief to those persons who did not get full relief from Nationstar's 2016 change in Form 1098 reporting.

---

**5. Why is there a proposed Settlement?**

---

The Court has not decided who is right or whether Nationstar did anything wrong. Instead, by agreeing to a Settlement, both Plaintiffs and Nationstar avoid the cost and risk of further litigation and a trial, and the people affected will get benefits. The Class Representatives and their attorneys think the Settlement is best for the Class and recommend the Settlement to Class Members. Nationstar also denies it did anything wrong and claims that the IRS does not require negative amortization payments to be reported on Forms 1098.

## THE SETTLEMENT CLASS—WHO IS INCLUDED

---

**6. Who is included in the Settlement?**

---

You received this Notice because Nationstar's records show that you are included in this Settlement as a Class Member. You are included in the Settlement even if you refinanced your loan or sold your home. Specifically, the Settlement includes:

All persons who, according to Nationstar's reasonably available computerized records, had or have Option ARM Loans serviced by Nationstar and made payments to Nationstar in any tax year from 2010 to 2018.

---

**7. What is an Option ARM Loan?**

---

An Option ARM loan lets you pay some or all of the interest you owe each month for a limited period of time. When you make the minimum payment on the loan, the unpaid interest gets added to the amount you borrowed causing the balance of your loan to increase. At some point in time you begin to repay both the original amount you borrowed and the interest you have previously deferred to a later date by not making the full monthly interest payment.

---

**8. What are Payments of Negative Amortization?**

---

Payments of Negative Amortization are when you pay not only your current interest due, in full, but also additional money that is applied to the deferred interest you have not paid previously. For example, if, during the month of August the interest on your loan was $100 and you paid that amount plus an additional $100 of previously deferred interest, you made a Payment of Negative Amortization.

---

**9. What is Form 1098?**

---

If you make mortgage interest payments that total $600 or more in one tax year (January 1 through December 31), your loan servicing company (such as Nationstar) will file a Form 1098 with the IRS and send one to you. Form 1098 states the amount of mortgage interest the loan servicing company received from you during the tax year. Form 1098 is often used when preparing yearly taxes because mortgage interest may be claimed as a deduction on your income taxes.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

### 10. What does the Settlement provide?

Class Members who submit valid Claim Forms may be entitled to two different forms of relief. Class Members may submit Claim Forms with documentation sufficient to establish that they paid more in taxes than was owed, for one or more tax years between 2010 and 2018, based on Nationstar's reporting on Forms 1098 that did not include deferred interest. Nationstar will review each Claim Form and all supporting documentation that is submitted.

If Nationstar determines a Class Member's claim is valid and that the amount reported on a Form 1098 for any tax year in 2016, 2017, or 2018 did not include deferred interest, Nationstar will issue an amended IRS Form 1098 for tax years 2016, 2017, and/or 2018. You can then file an amended return for each affected tax year and attempt to recover any deduction you lost. If Nationstar determines a Class Member's claim is valid and that the amount reported on a Form 1098 for any tax year from 2010 to 2015 did not include deferred interest, Nationstar will issue the Class Member a payment of $50. This is because for those years it is too late now to file an amendment to those tax returns as the three-year statute of limitations has passed.

### 11. When will I receive my amended 1098 or cash payment?

The Court will hold a hearing on January 13, 2020 to decide whether to approve the Settlement (*see* "The Court's Final Approval Hearing" below). If Judge Bashant approves the Settlement, there may be appeals. Resolving appeals can take a long time. Please be patient. Payments will be mailed to Class Members who submit valid Claim Forms within 90 days after the Court has granted final approval of the Settlement and the deadline to file an appeal has passed or all appeals are resolved. Amended Forms 1098 will be mailed to Class Members who submit valid Claim Forms approximately 30 days after the Court has granted final approval of the Settlement and the deadline to file an appeal has passed or all appeals are resolved. **Priority will be given to tax year 2016 since it will be important that you make a determination as to whether you want to file an amended Form 1098 for tax year 2016 within three (3) years of the date you filed your 2016 tax return.** You can call Nationstar if you have any questions about whether or not it sent you your amended Form 1098.

### 12. What should I do with my amended 1098?

You may not have claimed all of the mortgage interest you paid during the 2016, 2017, or 2018 tax year and; therefore, you may have overpaid your taxes for those years. You should use the amended Form 1098 to amend your tax return to claim a mortgage interest deduction for the negative amortization payments you made. You have three years from the date your tax return was filed to file an amended return.

You may want to check with your tax advisor to (1) see if you already claimed your negative amortization payments in 2016, 2017, and 2018; and (2) determine when you must file your amended tax return.

### 13. What rights am I giving up in exchange for this Settlement?

Unless you exclude yourself, you are staying in the Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. That means you won't be able to sue, continue to sue, or be part of any other lawsuit against Nationstar and related parties for the legal issues and claims resolved by this Settlement. The specific rights you are giving up are called Released Claims (*see* Question 14).

### 14. What are the Released Claims?

"Released Claims" mean that the Plaintiffs and all Class Members will release Nationstar and its past, present, future controlling persons, parent companies, subsidiaries, affiliates, successors-in-interest, predecessors, assigns, insurers, as well as the directors, officers, agents, employees, and all of their attorneys for any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including, both known or unknown, those that were or could have been asserted; and including, those that arise out of common law, state law, or federal law that the Plaintiffs and Class Members had or have relating in any way to Nationstar not crediting or reporting payments of Negative Amortization on Forms 1098. Specifically, any claims related to the facts alleged in the class action lawsuit, including, the causes of action asserted for breach of contract, breach of the covenant of good faith and fair dealing, unfair business practices under California's Unfair Competition Law, declaratory relief, injunctive relief, fraud, negligence, negligent misrepresentation, and violation of 26 U.S.C. § 6050H.

The Settlement Agreement and Release, available at www.PembertonClassSettlement.com, describes the Released Claims in necessary and accurate legal details. If you have any questions, you can talk to the lawyers listed in Question 15 for free, or you can, of course, talk to your own lawyer if you have questions about what this means.

# THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

Yes. The Court appointed David J. Vendler and Michael R. Brown of Michael R. Brown, APC to represent you and all other Class Members. Together these lawyers are called Class Counsel. You are <u>not</u> responsible for paying these lawyers.

<table>
<tr><td>David J. Vendler, Esq.</td><td>Michael R. Brown, Esq.</td></tr>
<tr><td>Law Offices of David J. Vendler</td><td>Michael R. Brown, APC</td></tr>
<tr><td>2700 South Oak Knoll Ave.</td><td>2030 Main Street Suite 550</td></tr>
<tr><td>San Marino, CA 91108</td><td>Irvine, CA 92614</td></tr>
<tr><td>Tel: (213) 700-5194</td><td>Tel: (949) 435-3888</td></tr>
</table>

### 16. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working for you. If you want someone other than Class Counsel to speak for you, you may hire your own lawyer at your own expense.

### 17. How will the lawyers be paid?

Class Counsel, who have been handling this case since its investigation and filing in 2014, will ask the Court to approve up to $700,000 as payment of their fees and expenses. They will also request a total of $20,000 for Michael Pemberton and Sandra Collins-Pemberton, who have actively participated in this case, as an award for their services as the Class Representatives. If approved by the Court, Nationstar will separately pay the requested attorneys' fees and expenses and the Class Representatives payment. **These fees, expenses and payment will not reduce the amount of money or other relief available to Class Members. Nationstar will also separately pay all costs to administer the Settlement**.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

### 18. What happens if I exclude myself?

If you exclude yourself from the Settlement: (1) you will <u>not</u> be able to get an amended Form 1098 or payment from this Settlement; (2) you will <u>not</u> be legally bound by the Court's judgments; and (3) you will keep any rights you may have to sue Nationstar for the legal claims included in this lawsuit and resolved by this Settlement.

### 19. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must mail a letter to the Claims Administrator stating that you want to "request exclusion" or "opt out" from *Pemberton v. Nationstar Mortgage LLC*, Civil Case No.: 3:14-cv-01024-BAS-MSB. Include your full name, address, telephone number, signature, and, if available, your loan number. You must mail your exclusion request so that it is <u>postmarked</u> by **November 22, 2019** to: Pemberton Class Settlement, c/o JND Legal Administration, P.O. Box 91050, Seattle, WA 98111.

### 20. If I exclude myself, can I still get a $50 payment or amended Form 1098?

No. If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement Class in this Settlement. You can only get a payment or amended Form 1098 if you stay in the Settlement Class and submit a valid claim.

### 21. If I don't exclude myself, can I sue Nationstar for the same claims later?

No. Unless you exclude yourself, you are giving up the right to sue Nationstar for the claims that this Settlement resolves and releases (*see* Question 14). You must exclude yourself from this Settlement to start or continue with your own lawsuit or be part of any other lawsuit. If you start your own lawsuit against Nationstar after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to independently prove your claims.

# OBJECTING TO THE SETTLEMENT

### 22. How do I object to the Settlement?

If you stay in the Settlement (*i.e.* do not exclude yourself), you can object to the Settlement or part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views before making a decision. To object, you must file a written objection. Your objection <u>must</u>: (1) include your full name, address, telephone number, and signature; (2) include information, such as your loan number or a copy of your loan statement, showing that you are a Class Member in this Settlement; (3) state each of your objections and the reason for them; (4) identify any documents you would like to Court to consider; (5) include an address where you may receive service of process; and (6) state whether you are represented by counsel, and if so, include their name and mailing address. Your objection must be filed with the Clerk of the Court by **December 30, 2019** <u>and</u> mailed to Class Counsel, Nationstar's Counsel and the Claims Administrator so it is postmarked by **December 30, 2019**.

| COURT | CLASS COUNSEL | NATIONSTAR'S COUNSEL | CLAIMS ADMINISTRATOR |
|---|---|---|---|
| Clerk of the Court United States District Court for the Southern District of California United States Courthouse 221 West Broadway San Diego, CA 92101 | David J. Vendler, Esq. Law Offices of David J. Vendler 2700 South Oak Knoll Ave. San Marino, CA 91108 —AND— Michael R. Brown, Esq. Michael R. Brown, APC 2030 Main Street Suite 550 Irvine, CA 92614 | John B. Sullivan, Esq. Erik Kemp, Esq. Severson & Werson, P.C. One Embarcadero Center, Suite 2600 San Francisco, CA 94111 | Pemberton Class Settlement c/o JND Legal Administration P.O. Box 91050 Seattle, WA 98111 |

### 23. What is the difference between objecting and asking to be excluded from the Settlement?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class (i.e., do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you cannot object because the Settlement no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak at the hearing, but you don't have to.

### 24. When and where will the Court decide whether to approve the Settlement?

The Court will hold a "Fairness Hearing" or "Final Approval Hearing" on January 13, 2020, at 11:00 a.m., in Courtroom 4B of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101.

At this Hearing, the Court will consider whether the proposed Settlement and all of its terms are fair, adequate, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the hearing (*see* Question 26). The Court may also decide how much to award Class Counsel for fees and expenses and how much to award the Class Representatives for representing the Class. At or after the Hearing, the Court will decide whether to finally approve the proposed Settlement. There may be appeals after that. We do not know how long these decisions will take.

### 25. Do I have to come to the hearing?

No. Class Counsel is working on your behalf and will answer any questions Judge Bashant may have about the Settlement. However, you are welcome to come to the Final Fairness Hearing at your own expense. If you file an objection, you don't have to come to the Court to talk about it. As long as you filed and mailed your written objection on time, signed it and provided all of the required information (*see* Question 22), the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

| 26. May I speak at the hearing? |
|---|

Yes. You or your attorney may appear and speak at the Fairness Hearing. To do so, you must file a written request with the Court saying that it is your "Notice of Intent to Appear at the Fairness Hearing in *Pemberton v. Nationstar Mortgage LLC*, Civil Case No.: 3:14-cv-01024-BAS-MSB. You must include your name, address, phone number, and signature. If you plan to have your own attorney speak for you at the hearing, you must also include the name, address and telephone number of the attorney who will appear. Your written request must be filed with the Clerk of the Court by **December 30, 2019** and a copy must be mailed to Class Counsel and Nationstar's Counsel so it is postmarked by **December 30, 2019**. All of these addresses are listed in Question 22.

## IF YOU DO NOTHING

| 27. What happens if I don't do anything? |
|---|

If you do nothing, you will be bound by the terms of the Settlement Agreement and Final Judgment, thus forfeiting your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Nationstar and related parties about the legal issues or claims resolved by this Settlement. In addition, your failure to timely submit a valid Claim Form will forfeit your right to receive any relief for which you are eligible under the Settlement.

## SUBMIT A CLAIM

| 28. How do I submit a Claim? |
|---|

In order for you to have Nationstar review your Forms 1098 and determine if you are entitled to an amended return for tax years 2016-2018, or to determine if you are entitled to a $50 payment, you **MUST complete a Claim Form**. A Claim Form is included with this Notice and you should use that form. If you misplace the Claim Form accompanying this Notice you may obtain another Claim Form at the settlement website www.PembertonClassSettlement.com. Please be sure any Claim Form is fully completed and signed. Incomplete Claim Forms will not be considered. The Claim Form must also be timely filed by **December 30, 2019**. Claim Forms may be submitted by either (1) visiting the website at www.PembertonClassSettlement.com for instructions on how to upload your Claim Form or (2) mailing the completed Claim Form to Pemberton Class Settlement, c/o JND Legal Administration, P.O. Box 91050, Seattle, WA 98111.

## GETTING MORE INFORMATION

| 29. How do I get more information? |
|---|

More information is available by calling 1-844-961-0318, visiting www.PembertonClassSettlement.com or writing to Settlement Administrator, Pemberton Class Settlement, c/o JND Legal Administration, P.O. Box 91050, Seattle, WA 98111. You may also call Class Counsel at one of the numbers listed in Question 15. All of the Court's records are available for a small fee through the Court's web site at http://www.cand.uscourts.gov/ (click on the "CM/ECF" link and follow the instructions to download pleadings).

Talk to your tax advisor if you have questions about your amended Form 1098.

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THIS CASE OR THIS NOTICE. THE COURT CANNOT SPEAK TO YOU OR ANSWER ANY OF YOUR QUESTIONS.**