# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PEMBERTON and SANDRA COLLINS PEMBERTON, *individually and on behalf of others similarly situated,*<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE, LLC, *a Federal Savings Bank,*<br><br>　　　　　　　Defendant. | Case No. 14-cv-01024-BAS (MSB)<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND NAMED REPRESENTATIVE AWARD**<br><br>**[ECF No. 133]** |

On December 16, 2019, Plaintiffs filed a Motion for Attorneys' Fees and Named Representative Award in connection with the class action settlement reached in this case. (ECF No. 133.) Plaintiffs request $700,000 in attorneys' fees, with a waiver of all costs, and $10,000 for each named Plaintiff. (*Id.*) Defendant does not oppose the request. However, two class members have objected to the amount being requested for the two named Plaintiffs. (ECF Nos. 137, 139.)

The Court held a hearing on the issue on January 13, 2020. At the hearing, no objectors appeared.

After reviewing the time sheets and considering the arguments of counsel both oral and written, the Court concludes that the request is reasonable and **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Incentive Award. (ECF No. 133.)

## I. BACKGROUND

Over five years ago, Plaintiffs' counsel filed this lawsuit on behalf of a class of Plaintiffs who had obtained an adjustable rate mortgage ("ARM") loans that permitted them to defer payment of accrued interest. (*See* ECF No. 76, Second Amended Complaint ("SAC").) Plaintiffs argued that the unpaid accrued interest that was added back to the principal balance ("negative amortization") should have been included as interest in the Mortgage Interest Statement ("Form 1098") that Nationstar provided to each class member. (*See id.*)

The background and extensive pretrial history of this case has been detailed in the Court's Order Granting Plaintiffs' Motion to Certify Class and for Preliminary Approval of Settlement. (ECF No. 131.) Suffice it to say, class counsel has spent five long years litigating this case. The litigation included multiple motions to dismiss, briefing on motions to stay, extensive discovery and related disputes, attempts to get the IRS to respond to the Court's request for a directive, and mediation with both Judge Ronald Sabraw (Ret.) as well as Magistrate Judge Michael Berg.

Eventually, counsel achieved their primary goal—to get Nationstar to change the way it reported interest on its Forms 1098. Plaintiffs' counsel now requests $700,000 in attorneys' fees which is well below the lodestar proffered by counsel. The attorneys' fee amount will be paid by Nationstar outside of any settlement pool. Additionally, counsel indicates it will waive any request for reimbursement of costs.

## II. LEGAL STANDARD

Courts have an independent obligation to ensure that the attorneys' and class representative fee awards, like the settlement itself, are reasonable. *In re Bluetooth Headsets Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Although courts have the discretion to employ a "percentage of recovery method," *id.* at 942, injunctive relief should generally be excluded from the value of the common fund when calculating attorneys' fees because, most often, the value of the injunctive relief is not measurable. *Staton v. Boeing Co.,* 327 F.3d 938, 945–46 (9th Cir. 2003).

"The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Thus, court are encouraged to cross-check this method by employing the "lodestar method" as well. *In re Bluetooth*, 654 F.3d at 949.

In the "lodestar method," the Court multiplies the number of hours the prevailing party reasonably expended by a reasonable hourly rate for the work. *Id.* at 941. The hourly rate may be adjusted for the experience of the attorney. *Id.* "Time spent obtaining an attorneys' fee in common fund cases is not compensable because it does not benefit the Plaintiff class." *In re Washington Public Power Supply System Secs. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). The resulting amount is "presumptively reasonable." *In re Bluetooth,* 654 F.3d at 949. However, "the district court . . . should exclude from the initial fee calculation hours that were not 'reasonable expended.'" *Sorenson v. Mink,* 239 F.3d 1140, 1146 (9th Cir. 2001) (quoting *Hensley v. Eckerhart.,* 401 U.S. 424, 433–34 (1983)). The Court may then adjust this presumptively reasonable amount upward or downward by an appropriate positive or negative multiplier reflecting a whole host of reasonableness factors including the quality of the representation, the complexity and novelty of the issues, the risk of nonpayment, and, foremost in considerations, the benefit achieved for the class. *In re Bluetooth*, 654 F.3d at 942.

"[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by themselves, create an impermissible conflict between class members and their representative[]." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Nonetheless, the Court has an obligation to ensure that the amount requested is fair. *In re Bluetooth,* 654 F.3d at 941. "The propriety of incentive payments is arguably at its height when the award represents a fraction of the class representative's likely damages . . . But we should be more dubious of incentive

payments when they make the class representative whole, or (as here) even more than whole." *In re Dry Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013.)

## III. ANALYSIS

### A. Attorneys' Fees

Class counsel seeks attorneys' fees under a lodestar calculation. The Court finds this is appropriate in light of the fact that the main relief sought and achieved was injunctive relief. Class counsel detail 1442.6 hours spent on this case by counsel Michael Brown and David Vendler. (Decl. of Michael R. Brown ("Brown Decl.") ¶ 27, ECF No. 132-3; Decl. of David J. Vendler ("Vendler Decl.") ¶ 41, ECF No. 132-5.) The Court finds the number of hours expended on this case, given the lengthy history, is reasonable.

Counsel requests that each attorneys' fee be calculated based on an hourly rate of $950, which results in a lodestar of $1,370,470. Both counsel are clearly very experienced in class action litigation, and they detail instances when courts have awarded them hourly rates of $950. Ultimately, this Court need not reach the conclusion that a $950/hour rate is reasonable because even at a reduced rate of $750/hour (which the Court finds reasonable), the attorneys' fees request of $700,000 is well below the lodestar.[1]

The amount requested is more than reasonable. Furthermore, counsel avers that the amount of attorneys' fees was not negotiated until the rest of class settlement was agreed upon. (Brown Decl. ¶ 27.) Therefore, the Court finds an award of $700,000 is appropriate.

### B. Named Representative Award

Plaintiffs move for an award of $10,000 for each of the two named representatives. Plaintiffs' counsel details the involvement of the named representatives over the past five years. These named representatives, both over 70 years old, participated in the decision-making process and remained active as class

---

[1] At a rate of $750/hour, the lodestar would be $1,081,950.

representatives even when it appeared they would never receive amended Forms 1098. They worked with counsel to prepare discovery responses and also to prepare for their depositions.

In light of the amount of time this case has been pending together with the amount of work detailed by counsel, the Court finds the requested amount of $10,000 is appropriate. The Court is mindful of the fact that named plaintiffs seeking relief for interest paid before 2016 will only receive $50.00. As pointed out by the objectors, there is a great disparity between the named representative award and the amount other similarly situated plaintiffs with grievances before 2016 are receiving.

However, the original point of the lawsuit was to get Nationstar to change its reporting practices, which it has done. The named Plaintiffs continued to actively participate in the case, even after it became apparent that there could well be no monetary compensation for them, just to make sure other similarly situated individuals received a different Form 1098. In light of the goals of the litigation and the change in practices, the Court finds the incentive award requested to be reasonable.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Named Representative Award (ECF No. 133). The Court awards Plaintiff $700,000 in attorneys' fees and $10,000 each to the two class representatives as an incentive award.

**IT IS SO ORDERED.**

**DATED: January 15, 2020**

Hon. Cynthia Bashant
United States District Judge