# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PEMBERTON and SANDRA COLLINS PEMBERTON, *individually and on behalf of others similarly situated,*<br><br>        Plaintiffs,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC, *a Federal Savings Bank,*<br><br>        Defendant. | Case No. 14-cv-01024-BAS (MSB)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**[ECF No. 132]** |

    Plaintiffs obtained an adjustable rate mortgage ("ARM") loan that permitted them to defer payment of accrued interest. The loan provided that unpaid accrued interest would be added back to their unpaid principal balance. How that unpaid accrued interest added back to the principal balance ("negative amortization") should be treated for purposes of IRS deductions is the subject of this lawsuit.

    Plaintiffs argue that, even though the accrued interest is added back to principal, the negative amortization is still interest that should have been reported on IRS Form 1098. Nationstar claims it failed to report negative amortization only when it took over certain loans from other companies that did not include this negative amortization in the data it transferred to Nationstar.

The Court previously rejected Plaintiffs' theory, in part, by finding that the statute at issue, 26 U.S.C. § 6050H, is ambiguous as to "how, whether and when" such interest must be reported on Forms 1098. (*See* Order Denying Pls.' Mot. to Supp. the Second Am. Compl. at 16, ECF No. 114.) Furthermore, as a direct result of this lawsuit, Nationstar began investigating and ultimately reporting in 2016 the negative amortization on the loans it received via transfer. However, Nationstar has conceded that its process for identifying loans that might have paid deferred interest is not foolproof. This settlement ensued.

I. **PROPOSED SETTLEMENT**

The proposed settlement agreement (Ex. 1 ("Settlement" or "Settlement Agreement") to Joint Mot. to Certify Class and Preliminary Approval of Settlement ("Preliminary Motion"), ECF No. 130-2) applies to class members ("Class" or "Class Members") defined as "all persons who, according to Nationstar's reasonably available computerized computer records, had or have Option ARM loans serviced by Nationstar and made payments to Nationstar in any tax year from 2010–2018." (Preliminary Mot. at 14, ECF No. 130.)

The Court provisionally certified the above class and appointed the law offices of David J. Vendler and Michael R. Brown, APC, as Class Counsel. (Order Preliminarily Approving Class Action Settlement and Conditionally Approving Proposed Settlement Class ("Preliminary Order"), ECF No. 131.) The Court further appointed Michael Pemberton and Sandra Collins Pemberton as Class Representatives. (*Id.*)

"Class Members may submit Claim Forms with documentation sufficient to establish that the Class Member paid more in taxes than was owed, for one or more tax years between 2010 and 2018." (Settlement Agreement § 2.01(a).) "Nationstar will conduct an investigation of each claim submitted to verify from its records whether or not Class Members' Form 1098 included deferred interest." (*Id.* § 2.01(b).) For tax years 2016, 2017 and 2018, if Nationstar determines the amount reported on

Form 1098 does not include deferred interest "and documentation provided by the Class Member establishes that the Class Member paid more in taxes than was owed based on the failure to include deferred interest in the Form 1098, Nationstar will issue an amended IRS Form 1098" including the negative amortization not previously reported to the IRS. (*Id.* § 2.02.) For tax years 2010 through 2015, where Nationstar determines that the amount reported on Form 1098 did not include deferred interest "and the documentation provided by the Class Member establishes that the Class Member paid more in taxes than was owed based on the failure to include deferred interest in the Form 1098, Nationstar will issue the Class Member a payment of $50." (*Id.* § 2.04.)

Independent of the Class compensation, Class Counsel will seek attorneys' fees not to exceed $700,000, which Nationstar will not Oppose. (*Id.* § 4.02.) Additionally, the Class Representatives will seek an incentive award of $10,000 each, which Nationstar agrees not to oppose. (*Id.* § 4.03.) Nationstar shall pay the costs of notice to the Class, as well as any attorneys' fees and incentive award ordered by the Court. (*Id.* § 3.09.) The Settlement Agreement is not contingent on the Court's granting attorneys' fees or a Class incentive award. (*Id.* § 4.04.)

## II. ANALYSIS

### A. Class Certification (for Settlement Purposes Only)

Here, the Parties seek to certify a class for settlement purposes only. Federal Rule of Civil Procedure 23(a) provides that a class may be certified

> only if (1) the class is so numerous that joinder of members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to meeting the 23(a) requirements, a class action must fall into one of the categories laid out in Rule 23(b). Fed. R. Civ. P. 23(b). The parties seek to certify the class under Rule 23(b)(3). (Prelim. Mot.) The Court

previously found that both 23(a) and 23(b) are satisfied in this case. (Prelim. Order.) The reasoning in the Preliminary Order is adopted and made a part of this Final Order.

### B. Fairness, Reasonableness, and Adequacy of the Proposed Settlement

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.3d 1268, 1276 (9th Cir. 1992). However, according to Federal Rule of Civil Procedure 23(e)(2), "the court may approve [a settlement that would bind class members] only after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court held a hearing on January 13, 2020.

To determine whether the proposed settlement is fair, reasonable, and adequate,

> a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). Since there is no governmental participant, the Court considers each of the other six relevant factors below.

#### 1. Strength of Plaintiffs' Case and Risk of Further Litigation

The Court previously detailed the lengthy procedural history in this case. (Prelim. Order at 6–7). As stated therein, the parties discussed settlement with two separate neutrals, the Honorable Ronald M. Sabraw (Ret.) and Magistrate Judge Michael Berg. (Prelim. Mot. at 20.) Given the Court's previous rulings to date, Plaintiffs were concerned that there was a risk they would lose the case before trial. Furthermore, as time elapses, Class Members' ability to file amended tax returns and obtain the relief they seek declines. Ultimately, as the Court concluded in its Preliminary Order, the Court finds that the strength of the Plaintiffs' case as well as the risk of further litigation supports the proposed settlement.

2.  Consideration Offered

With respect to tax years 2016, 2017, and 2018, Plaintiffs have received exactly the relief they were seeking on behalf of the Class—the ability to force Nationstar to deliver amended Forms 1098. However, for tax years 2010 through 2015, Class Members have lost the ability to filed amended tax returns. Therefore, the Settlement Agreement provides for monetary compensation of $50.00.

Although Plaintiffs recognize that they would have received greater compensation if they had been successful in trial, this does not mean that the settlement is inadequate. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998). "[The] very essence of a settlement is a compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Ser. Comm'n of the City and Cty. Of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). Plaintiffs concede that they had a long and rocky road to recovery. Before getting to trial, Plaintiffs faced additional hurdles including but not limited to the following arguments: (1) federal preemption/exclusive IRS enforcement jurisdiction warranted dismissal; (2) Plaintiffs lacked standing; and (3) Plaintiffs could not state a claim for damages because they could have claimed more interest in the returns than was stated in the Nationstar 1098 Forms. (Mot. for Settlement and Final Approval of Class Action Settlement ("Motion") at 10, ECF No. 132.) Plaintiff also faced possible IRS intervention. (*Id.*). Additionally, much of Plaintiffs' original Complaint had been dismissed by the Court, so further litigation was likely to include a lengthy appeals process. As Plaintiffs detail, the statute of limitations meant that many IRS claims would be lost while the case was pending. Hence, the consideration offered in this case supports settlement.

3.  Extent of Discovery Completed and Stage of Proceedings

"[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc.*, 564 U.S.

338 (2011). However, this case has been pending for five years. It has resulted in extensive motion practice and significant discovery. (Prelim. Mot. at 20.)

Furthermore, the proceedings are otherwise at an advanced stage. The Parties met with two separate neutral mediators. The Court therefore concludes that this factor favors approval.

### 4. Experience and Views of Counsel

As laid out in their Declarations, Class Counsel are experienced in class action lawsuits. (Decl. of Michael R. Brown ("Brown Decl.") ¶¶ 3–8, ECF No. 132-2; Decl. of David J. Vendler ("Vendler Decl.") ¶¶ 2–18, ECF No. 132-2.) Class Counsel Brown declares that, considering the risks based on previous rulings from the Court and the likelihood that this case would be appealed, the Settlement is "reasonable and fair." (Brown Decl. ¶ 24).

Generally, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *cf. Stull v. Baker*, 410 F. Supp. 1326, 1332 (S.D.N.Y. 1976) (holding that the court should consider the recommendation of counsel, and weigh it according to counsel's caliber and experience). Here, due especially to the experience and knowledge of Class Counsel, their recommendations are presumed to be reasonable, and this factor accordingly favors approval.

### 5. Reaction of the Class Members to the Settlement

Notice was individually sent to approximately 64,000 class members yet the Class Administrator received only 22 opt-out requests. (Decl. of Jennifer Keough ("Keough Decl.") ¶¶ 8, 15, ECF 132-1; *see also* App. 1 to this Order.) Furthermore, the Court only received two objections, from Sharon Kelly-Salomon (ECF No. 137) and Kenneth Salomon (ECF Nos. 139, 141). However, the Salomons appear to be objecting to 1098 Forms going back to 2010, even though they do not believe Nationstar took over servicing their loan until 2012. (*Id.*) In addition, Nationstar AVP Year End, Thea Cross, states that the Salomons have not paid any portion of their

negative amortization while their loan has been serviced by Nationstar. (Supp. Decl. of Thea Cross in Supp. of the Mot. for Final Approval ("Cross Supp. Decl.") ¶¶ 3–4, ECF No. 143.) Therefore, the Salomons are not entitled to any relief under this Settlement Agreement and have no standing to object to the settlement.

Furthermore, the Salomons claim that after Nationstar took over their loan and miscalculated the interest amount, they filed a lawsuit against Nationstar in 2013, which they settled in 2014. (ECF Nos. 137, 139). In settling that lawsuit, Nationstar agreed to a loan modification and the Salomons agreed to release Nationstar from any claims or causes of action of any kind relating to or arising out of their loan. (Cross Supp. Decl., Ex. A § 1D). Again, the Salomons do not appear to have standing to object to this settlement.

Regardless of the merits of these two objections, the low number of opt-outs and objections supports the settlement proposal. Largely the Salomons appear to be objecting to the $10,000 award requested for the named Plaintiffs when compared to the relatively small amount of award to the other class members. The Court will address that issue in its Order ruling on the Motion for Attorney Fees and Class Member Award. Since the Settlement is not contingent on the awarding of a Class Member Award, the Court finds this objection does not militate against granting the Motion for settlement.

### C. Fairness Hearing and Required Notice to Parties

#### 1. Notice Requirements

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Court finds the Parties complied with the Notice requirements laid out in the Court's Preliminary Order, including the notice required under the Class Action Fairness Act ("CAFA"). (*See* Keough Decl., Exs. A and B.) The Class Administrator provided notice to 64,158 unique Class Members, 249 of which were returned as undeliverable.

(Keough Decl. ¶¶ 8–9.) The Class Administrator also maintained a toll-free number, which received 519 calls, and a website, which was tracked by 690 unique users. (Keough Decl. ¶¶ 11–12.) The Court finds class members received the best notice practicable under the circumstances.

### 2. Fairness Hearing

Fed. R. Civ. P. 23(e)(2), requires that "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "The purpose of a fairness hearing is to provide the court with sufficient evidence for it to make an informed decision relating to the fairness of the proposed settlement." *UAW v. General Motors Corp.*, 235 F.R.D. 383, 386 (E.D. Mich. 2006). A fairness hearing need not have all the procedures and protections of a full trial; it is a forum for intervenors to voice their objections and for the fairness of the settlement to be determined, and a court is within its discretion to limit the hearing as necessary to meet those objectives. *See UAW*, 235 F.R.D. at 386; *Tenn. Ass'n of Health Maint. Org., Inc. v. Grier*, 262 F.3d 559, 567 (6th Cir. 2001).

The Court held a fairness hearing on January 13, 2020. The only interested party who appeared was a class member who requested permission to file a late claim form. Neither side objected, and the Court granted the requested. No objectors appeared.

## III. CONCLUSION AND ORDER

In light of the foregoing, the Court **GRANTS** the Parties' Motion for Settlement and Final Approval of Class Action Settlement (ECF No. 132) and hereby **ORDERS** the following:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies a class for settlement purposes only.
2. The class shall consist of "all persons who, according to Nationstar's reasonably available computerized computer records, had or have Option

ARM loans serviced by Nationstar and made payments to Nationstar in any tax year from 2010 to 2018."

3. Excluded from the Class are the members, listed in Appendix 1 attached to this Order, who opted out of class representation.

4. The Court hereby appoints Michael Pemberton and Sandra Collins Pemberton as Class Representatives.

5. The Court hereby appoints Michael R. Brown and David J. Vendler as Class Counsel to represent the Class.

6. The Court hereby approves the Settlement Agreement.

7. The Action, all claims asserted herein, and all Released Claims (as defined by the Settlement Agreement) are dismissed with prejudice.

8. The Court retains continuing jurisdiction over this Settlement and all parties for the purpose of construing, enforcing, and administering the Settlement.

9. The Court incorporates the remaining terms and conditions of Settlement as set forth in Section 3.10 of the parties' executed Settlement Agreement and Exhibit D thereto (ECF Nos. 130-2, 130-6).

10. Judgement is entered in favor of Plaintiffs and against Defendant. The Parties are ordered to carry out the Settlement Agreement in the manner provided in the Settlement Agreement.

11. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: January 15, 2020

Hon. Cynthia Bashant
United States District Judge

# APPENDIX 1



January 13, 2020

United States District Court
Southern District of California
221 West Broadway, Suite 4145
San Diego, CA 92101

Re: Case No. 3:14-cv-01024-BAS-MSB

To the Court and All Interested Parties,

JND is serving as the Settlement Administrator in the above-referenced litigation.  Per the terms of the Settlement Agreement and Release, JND received a total of twenty-two (22) opt-opt out requests from the following parties:

| | |
|---|---|
| ESTATE OF FRANK BROWN | ANTHONY MANRIQUE |
| SERGIO DIPAOLA | ALISA MANRIQUE |
| PENNY DOLL | PAMELA MAULDIN |
| RICK DOLL | OLENA RAZUVAYEVA |
| JOYCE FAHS | MICHAEL ROSE |
| JAMES FOZARD | SAARA ROSE |
| NIKOLA GULAN | BETH THURSTON |
| JEFFERY HAZIM | ROBERT W THURSTON |
| GREGORY ISHIKAWA | MICHAEL TRENT |
| SUSAN ISHIKAWA | JULIA VALIDO |
| ROBERT LEGG | EDYTA ZARKOWSKI |

Regards,

Jennifer M. Keough
Chief Executive Office, JND Legal Administration

Jennifer M. Keough